# EXHIBIT A

IN THE CIRCUIT COURT OF WARREN COUNTY, TENNESSEE
THIRTY-FIRST JUDICIAL DISTRICT AT MCMINNVILLE

FILED

NOV 3 0 2010

| | |
|---|---|
| APRIL TELENA MILLER, AND HUSBAND, ROGER MILLER, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VERSUS ) | Case No. 3342 |
| ) | |
| NORTHLAND INSURANCE COMPANY; AND, ) | |
| REFA WATLEY D/B/A REFA WATLEY TRUCKING, AND, ) | |
| LEWIS LEO WATLEY, ) | |
| DEFENDANTS. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE RIGHTS AND LIABILITIES UNDER COMMERCIAL MOTOR CARRIER LIABILITY INSURANCE POLICY

### I - FACTS, JURISDICTION AND VENUE

COME NOW the Plaintiffs, April Telena Miller and Husband, Roger Miller, pursuant to the TENNESSEE RULES OF CIVIL PROCEDURE, and the TENNESSEE DECLARATORY JUDGMENT ACT, TENN. CODE ANN. § 29-14-101, *et. seq.*, and TENNESSEE RULE OF CIVIL PROCEDURE 57, for cause of action against the Defendants, Northland Insurance Company, and Refa Watley d/b/a Refa Watley Trucking, and Lewis Leo Watley, to serve with notice of the Plaintiffs' cause of action, would most respectfully state and show this Honorable Court as follows:

1.      THAT the Plaintiffs, April Telena Miller and husband Roger Miller, are citizens and residents of Warren County, Tennessee. At all times germane hereto the Plaintiffs have resided in the same household with one another as Wife and Husband.

2.      THAT, at all times germane hereto, the Defendant, Northland Insurance Company, was doing business as an insurance company, duly licensed to engage in the casualty insurance business in the State of Tennessee.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

1

3.     THAT, at all times germane hereto, the Defendant, Refa Watley d/b/a Refa Watley Trucking, was operating as an interstate commercial motor carrier, based in the State of Tennessee. Lewis Leo Watley was serving as an operator at the times germane hereto and was the husband of Refa Watley.

4.     THAT, at all times germane hereto, the Defendants had entered into a contract for liability insurance coverage with the contract having been entered and construed in accordance with the laws of the State of Tennessee.

5.     THAT jurisdiction and venue for this declaratory judgment action is proper in the Circuit Court of Warren County, Tennessee.

6.     THAT this action is brought for a declaratory judgment, and that there is an actual controversy among the parties, which is justiciable in character, based upon the interpretation of a casualty insurance contract formed in the State of Tennessee.

7.   .   THAT Defendant, Northland Insurance Company, executed and delivered its liability insurance policy in the usual form to Refa Watley, d/b/a Refa Watley Trucking, insuring against injury to third parties, including non-employee independent contractors, among other things, up to a limit of one million and 00/100 ($1,000,000.00) Dollars or each person and each accident for bodily injuries against loss from liability for damages consequent upon the ownership, maintenance or use of certain commercial motor vehicles described in policy no.: TN547120, a copy of which is attached as Exhibit A and by reference incorporated herein.

8.     THAT the policy by its terms extends coverage from 02/01/2007 to 02/01/2008.

9.     THAT among other things said policy contains an insuring agreement. The said policy defines "employee" and does not include within the definition of "employee" those individuals who constitute independent contractors.

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

2

10.   Th..r the 2000 Kenworth truck, identified l. number 1XKAD69X3YR835968 in fact, was involved in an accident in the Village of Canajeharie, Montgomery County, New York.

11.   THAT on or about December 4, 2007, Defendant Refa Watley's driver, Defendant, Lewis Leo Watley, was driving and operating a commercial motor vehicle identified as an insured vehicle under the terms of the subject liability insurance policy, along Interstate 90 near the Village of Canajeharie in Montgomery County, New York, and became involved in a single vehicular accident, as a consequence of which the Plaintiff, April Telena Miller, allegedly suffered bodily injuries while a passenger is said vehicle; that the Plaintiff, April Telena Miller, was transported to St. Elizabeth Medical Center in Utica, New York, for the purpose of obtaining medical treatment for the alleged bodily injuries suffered by April Telena Miller; and that the Defendants, knew that the Plaintiff, April Telena Miller, not only received treatment for the alleged bodily injuries but was hospitalized and remained confined in the hospital.

12.   THAT the Plaintiff, April Telena Miller, constituted an independent contractor at the time of the subject accident and injuries, and was not an employee of Refa Watley d/b/a Refa Watley Trucking.

13.   THAT the Plaintiff made a timely claim under the terms of the subject liability insurance policy and such claim was denied as was reflected in correspondence from Northland Insurance Company dated March 6, 2008, a copy of which is attached hereto as **Exhibit B.**

14.   THAT the foregoing facts constitute a substantial, actual controversy between the parties, which is justiciable in character, and which is based upon application of Tennessee law to determine the terms of coverage under the policy provisions. The statements of the Defendants create uncertainty and insecurity with regard to whether or not the Plaintiffs constitute intended third party beneficiaries under the terms of the subject liability insurance policy.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

3

15. THAT as a passenger in a commercial motor vehicle at the time of the accident, the Plaintiff, April Telena Miller, was not engaged in the performance of a safety sensitive function as an operator or otherwise, and thus, did not constitute a statutory employee within the meaning of the Federal Motor Carrier Safety Regulations set forth at 49 CFR § 395.2, *et. seq.*

16. THAT as an independent contractor, the Plaintiff, April Telena Miller, is not eligible under Tennessee law to be entitled to worker's compensation coverage, and in any event, the Defendant, Refa Watley d/b/a Refa Watley Trucking, did not provide worker's compensation benefits to the Plaintiff, April Telena Miller.

17. THAT at all times germane, hereto, Refa Watley and April Telena Miller intended that April Telena Miller constitute a non-employee independent contractor.

18. THAT the indicia of factors to be considered overwhelmingly preponderate in favor of April Telene Miller constituting an independent contractor and not an employee in relation to Refa Watley Trucking.

WHEREFORE, Plaintiffs pray that the Court declare judgment against the Defendants, ruling that the Plaintiff, April Telena Miller, constituted an non-employee, independent contractor at the time of the accident and alleged injuries, such that any injuries that the Plaintiffs have been shown to suffer, together with all medical expenses related thereto, are insured and covered by the terms of the subject liability insurance policy; that this Honorable Court determine that Defendant, Northland Insurance Company, is obligated under said policy of insurance in connection with said commercial motor vehicle, and in connection with the accident in which it was involved; that the Court declare the rights of the parties herein; that said commercial motor vehicle was insured as an automobile within the coverage afforded by the policy; and, that Defendant, Northland Insurance Company, must pay on behalf of Defendant Refa Watley d/b/a Refa Watley Trucking, any sum which the Defendants shall become legally obligated to pay as

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

4

damages because of bodily injury sustained by the Plaintiffs caused by the accidental occurrence

and arising out of the ownership, maintenance and use of the commercial motor vehicle which

the driver, Lewis Leo Watley, was using at the time of the accidental occurrence on or about

December 4, 2007; and for such other, further, different and general relief as the Plaintiffs may be

entitled to have in the judgment of this Honorable Court.

RESPECTFULLY SUBMITTED,

D. MICHAEL KRESS II
Tennessee Registration No. 17013
Attorney for the Plaintiffs
8 East Bockman Way
Sparta, TN 38583
931.836.1010                    phone
931.836.1110                    fax
mike@dmkresslaw.com             email

### COST BOND

I, D. MICHAEL KRESS II, acknowledge myself as surety in this action in an amount sufficient to satisfy all costs of this cause pursuant to TENN. CODE ANN. §20-12-120, and §20-12-125.

D. MICHAEL KRESS II

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

5

# EXHIBIT A



# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY) 02/28/2007

| PRODUCER  805-435-0804 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

JAMES BRUMMETT INSURANCE

PO BOX 606
OLIVER SPRINGS, TN 37840

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| REFA WATLEY | INSURER A: NORTHLAND | |
| 8571 SR 108 NORTH | INSURER B: | |
| ALTAMONT, TN 37301 | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO- JECT ☐ LOC | | | | | |
| A | | **AUTOMOBILE LIABILITY** | TN847120 | 2-01-07 | 2-01-08 | COMBINED SINGLE LIMIT (Ea accident) | 1,000,000 |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☒ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC | $ |
| | | | | | | AUTO ONLY: AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU- TORY LIMITS ☐ OTH- ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | **OTHER** CARGO COVERAGE | TN847120 | 2-01-07 | 2-01-08 | $100,000 W/$1,000 DEDUCTIBLE | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
CARGO COVERAGE $150,000 EFFECTIVE 2-28-2007 TO 3-06-2007

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| TENNESSEE VALLEY NURSERY | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __10__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)   ACORD CORPORATION 1988

TENNESSEE VALLEY NURSERY 9319674542
WARREN CO CIRCUIT CL 9314733726
04/29/2011 09:31
PAGE 02/55

# ENDORSEMENTS FOR
## MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
### UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

Issued to __Rofe Watley__                          9571 SR 108 North
                                        of __Altamont, TN  37301__

Dated at __Nashville, TN__ _____, this __8__ day of __February__, 20 07

Amending Policy No. __TN547120__                    Effective Date __02/01/2007__

Name of Insurance Company __Northland Insurance Company__

Countersigned by _____

_Authorized Company Representative_

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "[X]," for the limits shown:

[x] This insurance is primary and the company shall not be liable for amounts in excess of $ __750,000__ for each accident.

[ ] This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident
in excess of the underlying limit of $ _____ for each accident.

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: 651-310-4100

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington D.C.).

---

## DEFINITIONS AS USED IN THIS ENDORSEMENT

**Accident** includes continuous or repeated exposure to conditions which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

**Motor Vehicle** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

**Bodily Injury** means injury to the body, sickness, or disease to any person, including death resulting from any of these.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from

**Property Damage** means damage to or loss of use of tangible property.

**Environmental Restoration** means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.

**Public Liability** means liability for bodily injury, property damage, and environmental restoration.

the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

---

THE SCHEDULE OF LIMITS SHOWN ON THE REVERSE SIDE DOES NOT PROVIDE COVERAGE. The limits shown in the schedule are for information purposes only.

Form MCS-90 (4/2000)



**CERTIFICATE OF INSURANCE
LOSS PAYEE**

This is to certify that you (certified holder) are a loss payee under Policy No.    TN547120    Issued to

Refa  Watley                                                    for the policy period

from    02/01/2007    to    02/01/2008        This policy provides the coverages indicated for the

following auto(s):

| YEAR | TRADE NAME | SERIAL NUMBER | STATED AMOUNT | Coverage Provided If Deductible Shown | | |
|------|-----------|---------------|---------------|---------------------------------------|---|---|
| | | | | Comprehensive | Specified Perils | Collision |
| 2000 | Kenworth | 1XKAD69X3YR835968 | $  35,000 | 1,000 | | 1,000 |
| 1995 | Utility | 587003 | $  15,000 | 1,000 | | 1,000 |
| 1992 | Utility | 701221 | $ | N/A | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |
| | | | $ | | | |

This certificate is issued as a matter of Information only and does not amend, extend, or alter the coverage provided by the policy.

If we cancel the policy during the policy period, we will mail the "Insured" and you the same advance notice.

If we make any payment to you, we will obtain your rights against any  other party.

NAME AND ADDRESS OF CERTIFICATE HOLDER
Citizens Tri-County Bank

Po Box 186

Altamont, TN 37301-

DATE ISSUED _____ 02/08/2007

_____
Authorized Representative


**Northland INSURANCE**

## COMMON POLICY DECLARATIONS

COVERAGE is provided in Company Checked
- [X] NORTHLAND INSURANCE COMPANY
- [ ] NORTHLAND CASUALTY COMPANY
- [ ] NORTHFIELD INSURANCE COMPANY

St. Paul, MN 55102

Agency No: 183000  Producer No: 41113

Policy No: TN547120
Previous Policy No: TN494176

**POLICY PERIOD:** From 02/01/2007 To 02/01/2008 Term: 12 Months
at 12:01 A.M. Standard Time at your mailing address shown below.

**Named Insured:**
Refa  Watley

**Mailing Address:**

| 9571 SR 108 North | Altamont | TN | 37301 |
|---|---|---|---|
| Street Number | City | State | Zip Code |

**BUSINESS DESCRIPTION:** Trucker

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY,
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS *FOR WHICH A PREMIUM IS INDICATED.*
THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Auto/Garage Coverage Part | $ 10,756.00 |
| Commercial Crime Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ 1,200.00 |
| Commercial Professional Liability Coverage Part | $ |
| Commercial Property Coverage Part | $ |
|  | $ |
| Premium Total | $ 11,956.00 |

Other Charges $

Audit Period: Annual unless otherwise stated:

**TOTAL** $ 11,956.00

**Forms and Endorsements:**
S2618-IL (4/06), S2759-IL (4/06), T-344 (9/05), IL 00 17 (11/98),
IL 00 21 (07/02), IL 02 50 (07/02), TU-01 (7/02), T-434 (6/03),
TD-01 (9/05), TD-441 (4/05)

**Agency Name/Address:**
Graham-Rogers, Inc.
P. O. Box 1628
Bartlesville, OK  74003

Countersigned: 02/08/2007 AL
Date

By _____
Authorized Representative

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**INSURED**

D-04 (9/05)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## TERRORISM RISK
## INSURANCE ACT OF 2002 DISCLOSURE

This endorsement applies to the insurance provided under the following:

COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
EMPLOYEE BENEFITS LIABILITY COVERAGE PART
UMBRELLA LIABILITY COVERAGE FORM
EXCESS LIABILITY COVERAGE FORM

On November 26, 2002, the President of the United States signed into law the Terrorism Risk Insurance Act of 2002 (the "Act"). The Act establishes a program under which the Federal Government will partially reimburse "*Insured Losses*" caused by certain "*Acts of Terrorism*" (each as defined in the Act).

The Federal Government's share of compensation for *Insured Losses* in each year up to and including calendar year 2006 is 90% of the amount of *Insured Losses* in excess of each *Insurer's* statutorily established deductible for that year, subject to the "*Program Trigger*" (as defined in the Act). For calendar year 2007 the Federal Government's share is 85% of the amount of *Insured Losses* in excess of each *Insurer's* deductible, subject to the *Program Trigger*. In no event, however, will the Federal Government or any *Insurer* be required to pay any portion of the amount of aggregate *Insured Losses* occurring in any one year that exceeds $100,000,000,000, provided that such *Insurer* has met its deductible.

The charge for *Insured Losses* under each Coverage Part is included in each Coverage Part premium and does not include any charges for the portion of losses covered by the federal government under the Act. The charge that has been included for each Coverage Part is:

- 1% of each applicable Commercial Liability Coverage premium.

- 1% of the total Commercial Inland Marine Coverage premium.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
STANDARD PROPERTY POLICY

**A. Cap on Certified Terrorism Losses**

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The criteria contained in that Act for a "certified act of terrorism" include the following:

1. The act resulted in aggregate losses in excess of $5 million; and

2. The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

With respect to any one or more "certified acts of terrorism" under the federal Terrorism Risk Insurance Act of 2002, we will not pay any amounts for which we are not responsible under the terms of that Act (including subsequent action of Congress pursuant to the Act) due to the application of any clause which results in a cap on our liability for payments for terrorism losses.

**B. Application of Other Exclusions**

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Coverage Part or Policy, such as losses excluded by the Nuclear Hazard Exclusion or the War And Military Action Exclusion.

Includes copyrighted material of ISO Properties, Inc., with its permission.

# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## COMBINED DEDUCTIBLE

This endorsement modifies insurance under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRANSPORTATION CARGO COVERAGE FORM
TRUCKERS COVERAGE FORM

The following is added to Paragraph D. Deductible of SECTION IV. PHYSICAL DAMAGE of the TRUCKERS COVERAGE FORM and the MOTOR CARRIER COVERAGE FORM, and of SECTION III. PHYSICAL DAMAGE of the BUSINESS AUTO COVERAGE FORM, whichever applies:

If you have a "loss" to more than one covered "auto" when such covered "autos" are attached to one another at the time of "loss", then only the single highest deductible for any of such covered "autos" will apply.

If at the time of "loss" to one or more covered "autos" when such covered "autos" are attached to one another, you also have a "loss" to cargo insured by us as Covered Property under the TRANSPORTATION CARGO COVERAGE FORM while that cargo is in or on such covered "auto", then only the single highest applicable Physical Damage deductible or Cargo deductible will apply.

The following is added to Paragraph D. Deductible of the TRANSPORTATION CARGO COVERAGE FORM:

If at the time of "loss" to Covered Property, that Covered Property is in or on a covered "auto" attached to another covered "auto" and you also have a "loss" to one or more of such covered "autos", then only the single highest applicable Physical Damage deductible or Cargo deductible will apply.

T-344 (9/05)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The Insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage:"

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material," if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured;" or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material."

1:11-cv-00026-HSM-WBC Document 12-1 Filed 04/29/11 Page 15 of 83 PageID #: 129

PAGE 09/55    WARREN CO CIRCUIT CL    93147337726    04/29/2011 09:31

"Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor."

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:

(a) Any "nuclear reactor;"

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste;"

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste;"

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Copyright, ISO Properties, Inc., 2001

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 16 of 83   PageID #: 20

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. Inspections And Surveys

1. We have the right to:

   a. Make inspections and surveys at any time;

   b. Give you reports on the conditions we find; and

   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. Are safe or healthful; or

   b. Comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

## E. Premiums

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. Transfer Of Your Rights And Duties Under This Policy

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Copyright, Insurance Services Office, Inc., 1998

Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TENNESSEE CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART

A. Paragraph 5. of the **Cancellation** Common Policy Condition is replaced by the following:

2. If this policy is cancelled, we will send the first Named Insured any premium refund due.

The refund will be pro rata if:

a. We cancel; or

b. The policy is cancelled at the request of a premium finance company that has financed this policy under a premium finance agreement.

The refund may be less than pro rata if the first Named Insured cancels the policy.

The cancellation will be effective even if we have not made or offered a refund.

B. The following is added to the **Cancellation** Common Policy Condition:

**CANCELLATION OF POLICIES IN EFFECT FOR 60 DAYS OR MORE**

If this policy has been in effect for 60 days or more, or if this policy is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

1. Nonpayment of premium, including any additional premium, calculated in accordance with our current rating manual, justified by a physical change in the insured property or a change in its occupancy or use;

2. Your conviction of a crime increasing any hazard insured against;

3. Discovery of fraud or material misrepresentation on the part of either of the following:

a. You or your representative in obtaining this insurance; or

b. You in pursuing a claim under this policy;

4. Failure to comply with written loss control recommendations;

5. Material change in the risk which increases the risk of loss after we issued or renewed insurance coverage;

6. Determination by the insurance commissioner that the continuation of the policy would jeopardize our solvency or would place us in violation of the insurance laws of Tennessee or any other state;

7. Your violation or breach of any policy terms or conditions; or

8. Other reasons that are approved by the insurance commissioner.

Notice of cancellation will state the reason for cancellation.

Copyright, ISO Properties, Inc., 2001

C. The following is added and supersedes any provisions to the contrary:

NONRENEWAL

1. If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal to the first Named Insured and agent, at least 60 days before the expiration date unless:

   a. We have offered to issue a renewal policy; or

   b. You have obtained replacement coverage or have agreed in writing to obtain replacement coverage.

2. Any notice of nonrenewal will be mailed or delivered to the first Named Insured's and agent's addresses shown in the policy. If notice is mailed, proof of mailing will be sufficient proof of notice.

D. The following is added to the Premiums Common Policy Condition:

Whenever an insurance policy which is financed with a premium finance company is cancelled, the insurer shall return, within 30 days after the effective date of the cancellation, whatever gross unearned premiums are due under the insurance policy directly to the premium finance company for the account of the first Named Insured.

Copyright, ISO Properties, Inc., 2001



## COMMERCIAL AUTO
## COVERAGE FORM DECLARATIONS

☐ Check here if PART 2 is attached
☒ Filings

Coverage is provided in Company checked
☒ NORTHLAND INSURANCE COMPANY
☐ NORTHLAND CASUALTY COMPANY
☐ NORTHFIELD INSURANCE COMPANY
St. Paul, MN 55102
STOCK COMPANIES

| ITEM ONE - NAMED INSURED AND ADDRESS | Policy Period | | |
|---|---|---|---|
| Refa Watley | From 02/01/2007 | ☒ Individual ☐ Partnership ☐ Corporation ☐ Joint Venture ☐ LLC ☐ Other | POLICY NO. **TN547120** |
| 9571 SR 108 North | To 02/01/2008 12:01 A.M. Standard Time at Named "Insured"'e Garaging address | | PREVIOUS POLICY NO. 21-TN494176 |
| Altamont          TN 37301- | Business of Named "Insured": Trucker | | AGENCY NO. 183000 / BRANCH 001 |
| 25% Down - 9 Payments | | | |
| Garaging address if different: | Commodities hauled: Produce, Paper Products, Non-Perishables | | UW # / SOURCE 41113 / # YRS. 1 |

## ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as Covered "Autos". "Autos" are shown as Covered "Autos" for a particular coverage by the entry of one or more of the Symbols listed in Section 1A of the Coverage Form next to the name of the coverage.

| | Covered "Autos" | COVERAGES | LIMITS OF LIABILITY | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | 67 | (1) BODILY INJURY - BI | $ each person | each "accident" | $ |
| | | (2) PROPERTY DAMAGE - PD | $ | each "accident" | $ |
| | | COMBINED (1) AND (2) - CSL | $ 1,000,000 | each "accident" | $ 8,244.00 |
| | | TRAILER INTERCHANGE | See Item Nine | | $ |
| **ADDITIONAL COVERAGES BY ENDORSEMENT** | | PERSONAL INJURY PROTECTION - PIP (or equivalent No-Fault coverage) | Separately Stated in each PIP endorsement | | $ |
| | | ADDED PIP (or equivalent No-Fault coverage) | Separately Stated in each added PIP endorsement | | $ |
| | | PROPERTY PROTECTION - PPI (Michigan Only) | Separately Stated in PPI endorsement | | $ |
| | 67 | "AUTO" MEDICAL PAYMENTS* | $ 5,000 | | $ 130.00 |
| | 67 | UNINSURED MOTORISTS - UM ☒ Incl. UIM Underinsured Motorists | Separately stated in Endorsement(s) | | $ 164.00 |
| | | UNDERINSURED MOTORISTS - UIM | Separately stated in Endorsement(s) | | $ |
| **PHYSICAL DAMAGE** | 67 | COMPREHENSIVE | Stated Amount, Actual Cash Value or Cost of Repairs, whichever is less minus the deductible. | | $ 446.00 |
| | | SPECIFIED PERILS | | | $ |
| | 67 | COLLISION | | | $ 1,772.00 |
| | | RENTAL REIMBURSEMENT | | | $ |

| ADDITIONAL PREMIUM PER ENDORSEMENTS: | | $ |
|---|---|---|
| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION: | | $ |
| Per Schedule of Forms and Endorsements N-2500 | ESTIMATED TOTAL PREMIUM | |
| | | $ 10,756.00 |

## ITEM THREE - HIRED AUTO LIABILITY INSURANCE | ESTIMATED COST OF HIRE $

| | | | | |
|---|---|---|---|---|
| Rate per $100 Cost of Hire | $ _____ BI $ _____ PD $ _____ CSL | Minimum Premium | $ _____ BI $ _____ PD $ _____ CSL | Advance Premium (Incl. In ITEM TWO LIABILITY) | $ _____ BI $ _____ PD $ _____ CSL | Cost of hire means the total cost you incur for the hire of "autos" you don't own. (See covered "auto" symbol 47, 68.) |

## ITEM FOUR - SCHEDULE OF COVERED AUTOS YOU OWN

| Year, Model, Trade Name, Body Type | Identification Number (VIN) | Loss Payee = LP   Additional Insured = AI |
|---|---|---|
| See T-434 | | |

| LIABILITY PREMIUMS | | | | | | | STATED AMOUNT | PHYSICAL DAMAGE PREMIUMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LIAB | OWN/OP LIAB | PIP | MED* | OWN/OP MED/PIP | UM | OTHER | | Comp. S.P. | DED. | COLL | DED. |
| | | | | | | | | | | | |

*for Virginia Med. = Medical Expenses and Income Loss Benefits.

Countersigned Date ___02/08/2007 AL___                    By _____

THESE DECLARATIONS TOGETHER WITH THE COVERAGE FORM PROVISIONS AND ENDORSEMENTS, IF ANY,
ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.
Includes copyrighted material of Insurance Services Office, with its permission.

INSURED

N-01 (8/05)

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 20 of 83   PageID #: 24

PAGE 14/55                    WARREN CO CIRCUIT CL          93141733726          04/29/2011 09:31

Northland
INSURANCE

Policy No.    TN547120        Issued to    Refa  Watley

The below listed forms and endorsements are contained in this policy at its inception:

TF-087-D (1/98), CA 00 20 (03/06), CA 01 46 (07/01), CA 21 20 (03/06), CA 99 03 (03/06), CA 99 48 (03/06), CA 99 87 (10/05), T-006 (9/90), T-217 (6/03), T-224 (9/05), T-237 (9/05), T-466 (9/05), MCS-90 (4/00), BMC-90, Form F - Motor Carrier, Form I - MC Cargo, N-1359 (7/05), TF-029 (R8/91)

N-2500 (4/94)

# MOTOR CARRIER COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

## SECTION I - COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|-------------------------------------------------|--|
| 61 | Any "Auto" | |
| 62 | Owned "Autos" Only | Only the "autos" you own (and for Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 63 | Owned Private Passenger Type "Autos" Only | Only the "private passenger type" "autos" you own. This includes those "private passenger type" "autos" that you acquire ownership of after the policy begins. |
| 64 | Owned Commercial "Autos" Only | Only those trucks, tractors and "trailers" you own (and for Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those trucks, tractors and "trailers" you acquire ownership of after the policy begins. |
| 65 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the No-Fault law in the state where they are licensed or principally garaged. |
| 66 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that, because of the law in the state where they are licensed or principally garaged, are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 68 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| 69 | "Trailers" In Your Possession Under A Written Trailer Or Equipment Interchange Agreement | Only those "trailers" you do not own while in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailers" while in your possession. |

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 11   Filed 04/29/11   Page 22 of 83   PageID #: 126

04/29/2011  09:31   9314733726   WARREN CO CIRCUIT CL   PAGE  16/55

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 70 | Your "Trailers" In The Possession Of Anyone Else Under A Written Trailer Interchange Agreement | Only those "trailers" you own or hire while in the possession of anyone else under a written "trailer" interchange agreement. When Symbol "70" is entered next to a Physical Damage Coverage in Item Two of the Declarations, the Physical Damage Coverage exclusion relating to "loss" to a "trailer" in the possession of anyone else does not apply to that coverage. |
| 71 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |
| 79 | Mobile Equipment Subject To Compulsory Or Financial Responsibility or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |

**B. Owned Autos You Acquire After the Policy Begins**

1. If Symbols 61, 62, 63, 64, 65, 66 or 79 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 67 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

CA 00 20 03 06

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 23 of 83   PageID #: 27

PAGE 17/55                WARREN CO CIRCUIT CL        9314733726        04/29/2011  09:31

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

(2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

a. Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

(1) If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

(2) If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

However, Paragraph a. above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

b. Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" or a "covered pollution cost or expense" occurs while the "trailer" is detached from a covered "auto" you are using and:

(1) Is being transported by the carrier; or

(2) Is being loaded on or unloaded from any unit of transportation by the carrier.

**2. Coverage Extensions**

a. **Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

Copyright, ISO Properties, Inc., 2005

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limit specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of "loss" because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" or the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured."

Copyright, ISO Properties, Inc., 2005

## 8. Movement Of Property By Mechanical Device

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

## 9. Operations

"Bodily injury" or "property damage" arising out of the operation of:

a. Any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment"; or

b. Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

## 10. Completed Operations

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In the exclusion, your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraphs a. or b. above.

Your work will be deemed completed at the earliest of the following times.

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

## 11. Pollution

"Bodily injury" or "property damage" arising out of the actual alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispensed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost of expense" does not arise out of the operation of any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 26 of 83   PageID #: 30

PAGE 20/55                     WARREN CO CIRCUIT CL          93147337726           04/29/2011 09:31

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

12. War

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

13. Racing

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

C. Limit of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

SECTION III - TRAILER INTERCHANGE COVERAGE

A. Coverage

1. We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The "trailer's" collision with another object; or

(2) The "trailer's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

c. Collision Coverage

Caused by:

(1) The "trailer's" collision with another object; or

(2) The "trailer's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any "loss" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. Coverage Extensions

The following applies as Supplementary Payments. In addition to the Limit of Insurance, we will pay for you:

a. All expenses we incur.

b. The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

c. All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

Copyright, ISO Properties, Inc., 2005

d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

e. All interest on the full amount of any judgment that accrues after entry of the judgment; but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

a. Nuclear Hazard

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

b. War Or Military Action

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for loss of use.

3. Other Exclusions

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown.

b. Blowouts, punctures or other road damage to tires.

C. Limit Of Insurance And Deductible

The most we will pay for "loss" to any one "trailer" is the least of the following amount minus any applicable deductible shown in the Declarations:

1. The actual cash value of the damaged or stolen property at the time of the "loss".

2. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

3. The Limit of Insurance shown in the Declarations.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto";

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Towing - Private Passenger Type Autos

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the "private passenger type" is disabled. However, the labor must be performed at the place of disablement.

Case 4:11-cv-00026-HSM-WBC Document 1-1 Filed 04/29/11 Page 28 of 83 PageID #: 32

3. **Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   a. Glass breakage;

   b. "Loss" caused by hitting a bird or animal; and

   c. "Loss" caused by falling objects or missiles.

   However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extension**

   a. Transportation Expenses

   We will also pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the "private passenger type". We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

   b. Loss Of Use Expenses

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written contract or agreement. We will pay for loss of use expenses if caused by:

   (1) Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto,"

   (2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes of Loss Coverage is provided for any covered "auto"; or

   (3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto."

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. Nuclear Hazard

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. War Or Military Action

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for any such contest or activity.

   c. Tapes, records, discs or similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 29 of 83   PageID #: 33

PAGE 23/55                     WARREN CO CIRCUIT CL               931473726          04/29/2011 09:31

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) Any integral part of the same unit housing any sound reproducing equipment described in a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

3. We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown.

b. Blowouts, punctures or other road damage to tires.

4. We will not pay for "loss" to a covered "auto" due to "diminution in value."

C. Limits of Insurance

1. The most we will pay for "loss in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss."

3. If a repair or replacement results in better than like kind of quality, we will not pay for the amount of the betterment.

D. Deductible

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

SECTION V - MOTOR CARRIER CONDITIONS

The following conditions apply in addition to the Common Policy Conditions.

A. Loss Conditions

1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

CA 00 20 03 06                    Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 30 of 83   PageID #: 34

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

c. If there is a "loss" to a covered "auto" or its equipment you must also do the following:

(1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4) Agree to examination under oath at our request and give us a signed statement of your answers.

3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. Loss Payment - Physical Damage Coverages

At our option we may:

a. Pay for, repair or replace damaged or stolen property;

b. Return the stolen property at our expense. We will pay for any damage that results to the "auto" from the theft; or

c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss," our payment will include the applicable sales tax for the damaged or stolen property.

5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

B. General Conditions

1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligation under this Coverage Form.

2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

Copyright, ISO Properties, Inc., 2005

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance – Primary And Excess Insurance Provisions**

a. While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's liability coverage is:

(1) Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

(2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

b. While any covered "auto" is hired or borrowed by you from another "motor carrier" this Coverage Form's liability coverage is:

(1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

(2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

c. While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

(1) Provided on the same basis, either primary or excess, as the liability coverage provided for the power unit if the power unit is a covered "auto".

(2) Excess if the power unit is not a covered "auto".

d. Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

e. Except as provided in Paragraphs a., b., c. and d. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

f. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

g. Regardless of the provisions of Paragraphs a., b., c., d. and e. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

h. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

a. The estimated premium for this Coverage Form is based on the exposures you told us you have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

Case 4:11-cv-00026-HSM-WBC Document 1-3 Filed 04/29/11 Page 32 of 83 PageID #: 36

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

(1) A covered "auto" of the "private passenger type" is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

(2) The "insured's" responsibility to pay "damages" is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**B. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI - DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority demanding that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

Copyright, ISO Properties, Inc., 2005

**(2)** The "bodily injury", "property damage" or covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs 6.b. or 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss."

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker."

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. That part of any contract or agreement, entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

**b.** That pertains to the loan, lease or rental of an "auto" to you or any of your employees, if the "auto" is loaned, leased or rented with a driver; or

**c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" unless the covered "auto" is used in your business as a "motor carrier" for hire as in Section II, Paragraph A.1.d. of the Who Is An Insured provision.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. Vehicles maintained for use solely on or next to premises you own or rent;

3. Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**a.** Power cranes, shovels, loaders, diggers or drills; or

**b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

Copyright, ISO Properties, Inc., 2005

PAGE 28/55                WARREN CO CIRCUIT CL     93147337Z6        04/29/2011  10:31

5. Vehicles not described in Paragraphs 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in Paragraphs 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

      (1) Snow removal;

      (2) Road maintenance, but not construction or resurfacing; or

      (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

   However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos."

L. "Motor Carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

M. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

N. "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pickup or van type if not used for business purposes.

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

   1. Damages because of "bodily injury" or "property damage"; or

   2. A "covered pollution cost or expense",

   to which this insurance applies, are alleged.

   "Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" submits with our consent.

Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R. "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

Copyright, ISO Properties, Inc., 2005

# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# TENNESSEE CHANGES

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## A. Changes In Liability Coverages

For a covered "auto" licensed in, or "garaged operations" conducted in Tennessee, the Other Insurance Conditions is changed by adding the following:

1. When two policies providing liability insurance apply to an "auto" and;

   a. One provides coverage to a named "insured" engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing "autos";

   b. The other provides coverage to a person not engaged in that business; and

   c. At the time of an "accident" a person described in paragraph b., is operating an "auto" owned by the business described in paragraph a., then that person's liability insurance is primary and the policy issued to a business described in paragraph a. is excess over any insurance available to that person.

2. When two policies providing liability insurance apply to an "auto" and;

   a. One provides coverage to a named "insured" engaged in the business of repairing, servicing, parking or storing "autos";

   b. The other provides coverage to a person not engaged in that business; and

   c. At the time of an "accident" an "insured" under the policy described in paragraph a. is operating an "auto" owned by a person described in paragraph b., then the liability insurance policy issued to the business described in paragraph a. is primary and the policy issued to a person described in paragraph b. is excess over any insurance available to the business.

## B. Changes In Conditions

The following replaces the lead-in paragraph in the Duties In The Event Of Accident, Claim, Suit Or Loss Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the Duties In The Event Of Loss Condition in the Business Auto Physical Damage Coverage Form;

We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us:

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 36 of 83   PageID #: 40

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TENNESSEE UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Tennessee, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy on the inception date unless another date is indicated below:

| | |
|---|---|
| Named Insured: Refa Watley | |
| Endorsement Effective Date: 02/01/2007 | |
| Countersignature Of Authorized Representative | |
| Name: | |
| Title: | |
| Signature: | |
| Date: | |

### SCHEDULE

| | | | |
|---|---|---|---|
| "Bodily Injury" and "Property Damage" | $ | 100,000 | Each "Accident" |
| | or | | |
| "Bodily Injury" | $ | | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | | |

This endorsement provides "bodily injury" and "property damage" uninsured motorists insurance unless an "X" is entered below.

☒ If an "X" is entered in this box this endorsement provides "bodily injury" Uninsured Motorists Coverage only.

### A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph (2) of the definition of "uninsured motor vehicle", we will pay under this coverage only if a. or b. below applies:

   a. The limit of any applicable liability bonds or policies have been exhausted by payments of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of an owner or operator of a vehicle described in Paragraph (2) of the definition of "uninsured motor vehicle" and we have been given written notice of such tentative settlement as described in Paragraph E.4.b.; and

Copyright, ISO Properties, Inc., 2005

Page 1 of 11

3. Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members."

   b. Anyone else occupying a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

   c. Anyone for damages he is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

   c. The Named Insured for "property damage" only.

**C. Exclusions**

This insurance does not apply to:

1. Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of an owner or operator of a vehicle described in Paragraph (2) of the definition of "uninsured motor vehicle" in accordance with the procedure described in Paragraph A.2.b.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. The direct or indirect benefit of any insurer of property.

4. "Bodily injury" sustained by:

   a. The individual Named Insured while "occupying" or when struck by a vehicle owned by you that is not a covered "auto" for Uninsured Motorists Coverage under this coverage form.

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this coverage form.

   c. Any "family member" while "occupying" or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other coverage form or policy.

5. Property contained in or struck by any vehicle owned by you or any "family member" which is not a covered "auto".

6. The first $200 of the amount of "property damage" to the property of each "insured" as the result of any one "accident". This exclusion does not apply if:

   a. We insure your covered "auto" for both collision and uninsured motorists "property damage" coverage; and

   b. The operator of the "uninsured motor vehicle" is positively identified and is solely at fault.

7. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Property damage" for which the "insured" has been or is entitled to be compensated by other property or physical damage insurance.

9. Punitive or exemplary damages.

10. "Bodily injury" or "property damage" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule.

2. The most we will pay for all damages resulting from "bodily injury" to an "insured" when the "insured" is "occupying" an "auto" not owned by the "insured", or is not "occupying" any "auto", is the highest limit of Uninsured Motorists Coverage on an "auto" owned by the "insured".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form, any Liability Coverage Form, and any Medical Payments Coverage Endorsement attached to this Coverage Part.

Copyright, ISO Properties, Inc., 2005
CA 21 20 03 06

PAGE 32/55                                    WARREN CO CIRCUIT CL                    9314733726          04/29/2011 09:31

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation law, disability benefits or similar law.

4. We will not pay for a loss which is paid or payable under Physical Damage Coverage.

E. Changes In Conditions

The conditions are changed for Uninsured Motorists Coverage as follows:

1. Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

a. If there is other applicable insurance available under one or more coverage forms, policies or provisions of coverage, the maximum recovery for damages under all coverage forms, or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any one coverage form providing coverage.

b. Subject to Paragraph a., with respect to "bodily injury" to an "insured":

(1) While not "occupying" a vehicle, only the Uninsured Motorists Coverage applicable to a vehicle under which the injured person is an "insured", that provides the highest limit of Uninsured Motorists Coverage, will apply. No other coverage form, policy or provision of coverage with lesser limits of Uninsured Motorists Coverage will apply. If two or more coverage forms, policies or provisions of coverage provide the highest limit of Uninsured Motorists Coverage, they will share the loss equally.

(2) While "occupying" a vehicle owned by that "insured", only the Uninsured Motorists Coverage applicable to that vehicle will apply; and no other coverage form, policy or provision of coverage will apply.

(3) While "occupying" a vehicle not owned by that "insured", the following will be the priorities of recovery:

| FIRST PRIORITY | The Uninsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| SECOND PRIORITY | If the first priority is exhausted, only the coverage form, policy or provision of coverage applicable to a vehicle under which the "insured" is a named "insured", that provides the highest limit of Uninsured Motorists Coverage. |
| THIRD PRIORITY | If the first and second priorities are exhausted, only the coverage form, policy or provision of coverage applicable to a vehicle under which the "insured" is other than a named "insured", that provides the highest limit of Uninsured Motorists Coverage. |

If two or more coverage forms, policies or provisions of coverage in the second or third priority provide the highest limit of Uninsured Motorists Coverage, they will equally share the loss applicable to that priority. No coverage forms, policies or provisions of coverage with lesser limits of Uninsured Motorists Coverage will apply to the second or third priority.

2. Duties In The Event Of Accident, Claim, Suit Or Loss is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved.

b. Promptly send us copies of the legal papers if a suit is brought.

c. A person seeking coverage from an insurer, owner or operator of a vehicle described in Paragraph F.2.c.(2) of the definition of "uninsured motor vehicle" must notify us in writing of a tentative settlement between the "insured" and the insurer as described in Paragraph E.4.b. and allow us within 30 days of receipt of both notices, to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle.

3. Transfer Of Rights Of Recovery Against Others To Us is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights under this provision do not apply with respect to a tentative settlement between an "insured" and the insurer of an owner or operator of a vehicle described in Paragraph (2) of the definition of "uninsured motor vehicle" for which we have been notified in accordance with Paragraph A.2.b. to which we

Copyright, ISO Properties, Inc., 2005

PAGE 33/55          WARREN CO CIRCUIT CL          93147337726          04/29/2011 09:31

a. Consent to the tentative settlement; or

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

b. We also have a right to recover the advance payment, unless judgment is rendered in favor of the owner or operator of an "uninsured motor vehicle".

4. The following is added:

ARBITRATION

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or operator of an "uninsured motor vehicle", or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated and shall be decided by a court of competent jurisdiction.

b. If a tentative settlement is made between the "insured" and the insurer, owner or operator of the "uninsured motor vehicle" for the full limits of all liability policies or bonds available to the party on whose behalf the tentative settlement is made, and:

(1) We receive written notice from the "insured", sent certified mail return receipt requested or by some other method with written verification, of the "insureds":

(a) Intent to accept the offer thereby releasing the party on whose behalf the offer is made; and

(b) Agreement to submit the uninsured motorists claim to binding arbitration;

(2) We receive written notice from the insurer of the "uninsured motor vehicle", sent certified mail return receipt requested or by some other method with written verification of the offer, and such insurer:

(a) Provides verification of coverage upon request; and

(b) Confirms to us that the owner or operator of the "uninsured motor vehicle" agrees to cooperate in connection with the arbitration of the uninsured motorists claim.

(3) We consent to the tentative settlement in writing, sent certified mail return receipt requested or by some other method with written verification, within 30 days from receipt of both notices described in Paragraphs 1. and 2. above, thereby waiving our right to recover payment from the owner or operator of an "uninsured motor vehicle" in exchange for their written agreement to cooperate in connection with the arbitration;

then all issues of tort liability and damages arising out of the ownership, maintenance or use of the "uninsured motor vehicle" shall be arbitrated. However, if the settlement does not release all parties alleged to be liable to the "insured", arbitration of the uninsured motorists claim shall not be conducted until all such parties have been fully and finally disposed by settlement, final judgment or otherwise.

c. We and an "insured" must agree to arbitration and to be bound by the results of that arbitration. In this event, both parties will agree on an arbitrator. If they cannot agree, either party may request that a judge of a court of record for the county where arbitration is pending, designate three (3) potential arbitrators, the parties shall then agree upon one of the three.

d. Unless we and an "insured" agree otherwise, arbitration will be in the county in which the "insured" lives. Rules of evidence applicable to the state courts where the arbitration is conducted will apply.

e. The arbitrator's expense will be paid by:

(1) The "insured", if the arbitrator's award is less than or equal to the total amount collected by the "insured" from settlements or judgments, if any, and the offer made by us at least 15 days prior to arbitration; or

(2) Us, if the arbitrator's award exceeds the total amount collected by the "insured" from settlements or judgments, if any, and the offer made by us at least 15 days prior to arbitration.

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 40 of 83   PageID #: 44

PAGE 34/55                    WARREN CO CIRCUIT CL          93147337Z6      04/29/2011 09:31

## F. Additional Definitions

As used in this endorsement:

1. "Property damage" means injury or destruction of:

   a. A covered "auto";

   b. Property contained in the covered "auto" and owned by the Named Insured or, if the Named Insured is an individual, any "family member"; or

   c. Property contained in the covered "auto" and owned by anyone else "occupying" the covered "auto".

2. The following are added to the Definitions section:

   a. "Family Member" means a person related to you by blood, marriage or adoption, who is a resident of your household, including a ward or foster child.

   b. "Occupying" means in, upon, getting in, on, out or off.

   c. "Uninsured motor vehicle" means a land motor vehicle or trailer:

      (1) For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

      (2) That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or trailer for which the sum of the limits of liability available for payment to an "insured" under all policies, bonds and securities applicable at the time of the accident:

         (a) Is less than the Limit of Insurance for this coverage; or

         (b) Has been reduced by payments to persons other than the "insured" to an amount which is less than the limit of liability for this coverage.

      (3) For which an insuring or bonding company denies coverage or is or becomes insolvent; or

      (4) For which neither the driver nor owner can be identified. The vehicle or trailer must either:

         (a) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

         (b) Cause "bodily injury" or "property damage" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying".

         If there is no physical contact with such vehicle or trailer, the facts of the "accident" must be proven by clear and convincing evidence. We will only accept corroborating evidence of the claim other than the evidence provided by occupants in the covered "auto" or in the vehicle an "insured" is "occupying".

   However, "uninsured motor vehicle" does not include any vehicle:

   (1) Owned by, or furnished or available for the regular use of you or any "family member";

   (2) Owned or operated by a self-insurer under any applicable motor vehicle law, except as a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;

   (3) Designed for use mainly off public roads while not on public roads; or

   (4) While located for use as a premises.

CA 21 20 03 06 Copyright, ISO Properties, Inc., 2005 Page 5 of 5 □

PAGE 35/55 * RCVD AT 4/29/2011 09:31 WARREN CO CIRCUIT CL 9314733726 04/29/2011 09:31

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## A. Coverage

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

## B. Who Is An Insured

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

## C. Exclusions

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your "domestic employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

Copyright, ISO Properties, Inc., 2005
Page 1 of 2

**D. Limit of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance – Primary and Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

Copyright, ISO Properties, Inc., 2005

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 43 of 83   PageID #: 47

04/29/2011  09:31  9314733726  WARREN CO CIRCUIT CL  PAGE 37/55

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# POLLUTION LIABILITY - BROADENED COVERAGE FOR COVERED AUTOS - BUSINESS AUTO, MOTOR CARRIER AND TRUCKERS COVERAGE FORMS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. Liability Coverage is changed as follows:

1. Paragraph a. of the Pollution Exclusion applies only to liability assumed under a contract or agreement.

2. With respect to the coverage afforded by Paragraph A.1. above, Exclusion B.6. Care, Custody Or Control does not apply.

B. Changes In Definitions

For the purposes of this endorsement, Paragraph D. of the Definitions Section is replaced by the following:

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants."

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

b. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured."

Paragraphs a. and b. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

Copyright, ISO Properties, Inc., 2005

Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TENNESSEE LOSS PAYABLE CLAUSE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. We will pay, as interest may appear, you and the loss payee named in the policy for "loss" to a covered "auto."

B. The insurance covering the interest of the loss payee will not be invalidated because of your intentional acts or omissions.

C. We may cancel the policy as allowed by the Cancellation Common Policy Condition.

Cancellation ends this agreement as to the loss payee's interest. If we cancel the policy we will mail you and the loss payee the same advance notice.

D. If we make any payments to the loss payee, we will obtain his or her rights against any other party.

Copyright, ISO Properties, Inc., 2005
Page 1 of 1

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 45 of 83   PageID #: 49

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## PUNITIVE DAMAGES EXCLUSION

This endorsement changes the policy effective on the Inception date of the policy unless a different date is indicated below.

(The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on     02/01/2007      at 12:01 A.M. standard time, forms a part of

Policy Number    TN547120      Issued to    Refa Watley

| 02/08/2007 | |
|---|---|
| Date | Authorized Representative |

LIABILITY COVERAGE is changed by adding the following exclusion:

This insurance does not apply to punitive and/or exemplary damages.

T-008 (9/90)

PAGE 46/55     WARREN CO CIRCUIT CL     9314733726     09:31   04/29/2011

# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## POLICY CHANGES - ADDITIONAL CONDITIONS

*This endorsement is EFFECTIVE   02/01/2007    *and is part of Policy Number: TN547120

*Issued to: Refa  Watley

*Entry optional if shown in the Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

This endorsement modifies insurance under the following:

TRUCKERS COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

The following paragraph is added to:

TRUCKERS COVERAGE FORM: SECTION V - TRUCKERS CONDITIONS; or
MOTOR CARRIER COVERAGE FORM: SECTION V - MOTOR CARRIER CONDITIONS; or
BUSINESS AUTO COVERAGE FORM: SECTION IV - BUSINESS AUTO CONDITIONS

whichever applies.

## C. ADDITIONAL CONDITIONS

### 1. INSPECTION

At our option, we may inspect your property and operations at any time. These inspections are for our benefit only. By our right to inspect or by our making any inspection, we make no representation that your property or operations are safe, not harmful to health or comply with any law, rule, or regulation.

### 2. CONFORMITY TO STATUTE

Terms of your policy which are in conflict with the statutes of the state in which this policy is issued are hereby amended to conform to such statutes.

### 3. DEATH OF THE INDIVIDUAL NAMED INSURED

If you die:

a. Your surviving spouse, if a resident of the same household at the time of your death will continue as the named "insured" until the end of the policy; or

b. Your legal representative will be the named "insured" but only while acting within the scope of his or her duties as such.

### 4. TRANSFER OF YOUR INTEREST IN THIS POLICY

Your rights and duties under this policy may not be assigned without our written consent.

### 5. NO ABANDONMENT

You may not abandon any covered "auto" or damaged property to us.

T-217 (8/03)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## PHYSICAL DAMAGE COVERAGE CHANGES

This endorsement modifies insurance under the following:

    TRUCKERS COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    BUSINESS AUTO COVERAGE FORM

This endorsement provides only those coverages where a premium is shown in the Declarations. Each of these coverages applies only to the vehicles shown as covered "autos."

The following changes are made to:

    TRUCKERS COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE
    MOTOR CARRIER COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage, 4. Coverage Extension is amended by adding the following:

    Towing

    In addition to the limit of insurance, we will pay the reasonable cost to recover a covered "auto" as a result of a covered "loss," and tow it to the nearest facility capable of making the necessary repairs.

Under the heading B. Exclusions, the section that reads "Exclusions 2.e. and 2.f. do not apply to:"; part b.(1) is replaced by the following:

    b. Any other electronic equipment that is:

        (1) Necessary for the normal operation of the "auto" or the monitoring of the "auto's" operating system, including satellite communication or tracking equipment and collision prevention systems which are permanently installed or are removable from a housing unit which is permanently installed in the covered "auto"; or

    BUSINESS AUTO COVERAGE FORM: SECTION III - PHYSICAL DAMAGE COVERAGE

A. Coverage, 4. Coverage Extension is amended by adding the following:

    Towing

    In addition to the limit of insurance, we will pay the reasonable cost to recover a covered "auto" as a result of a covered "loss," and tow it to the nearest facility capable of making the necessary repairs.

Under the heading B. Exclusions, the section that reads "Exclusions 4.c. and 4.d. do not apply to:"; part b.(1) is replaced by the following:

    b. Any other electronic equipment that is:

        (1) Necessary for the normal operation of the "auto" or the monitoring of the "auto's" operating system, including satellite communication or tracking equipment and collision prevention systems which are permanently installed or are removable from a housing unit which is permanently installed in the covered "auto"; or

The following changes are made to:

    TRUCKERS COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE; or
    MOTOR CARRIER COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE; or
    BUSINESS AUTO COVERAGE FORM: SECTION III - PHYSICAL DAMAGE COVERAGE

whichever applies.

T-224 (9/98)    Copyright, Insurance Services Office, Inc., with its permission.    Page 1 of 3

C. **LIMITS OF INSURANCE** is replaced by the following:

C. **LIMITS OF INSURANCE**

1. Subject to the stated limit shown in the Declarations, the most we will pay for a total loss where a "finance agreement" exists and the stated value is equal to or greater than the outstanding financial obligation is the greater of:

   a. The outstanding financial obligation under a "finance agreement" for a covered "auto" at the time of loss; or

   b. The actual cash value of the covered "auto" at the time of the loss.

   In addition, we will endeavor to send you payment within 60 days of a "loss" due to theft and within 30 days for any other "loss." If we do not, subject to the LIMIT OF INSURANCE, we shall also pay for additional payments your "finance agreement" generates, for the covered "auto" only, after the 60th day or 30th day, whichever applies.

2. The most we will pay for any other "loss" in any one "accident" is the lesser of:

   a. The amount shown as the stated amount in the Schedule or in the Declarations;

   b. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

   c. The cost of "repairing" or replacing the damaged or stolen property with other of like kind and quality.

   d. However, if the stated amount is less than 80% of the actual cash value at the time of "loss," the most we will pay for "loss" is the smallest of the following amounts:

      (1) The share of the "loss" that the stated amount bears to 80% of the actual cash value of the property at the time of "loss";

      (2) The actual cash value of the damaged or stolen property at the time of "loss"; or

      (3) The stated amount shown in the Declarations.

3. With respect to a covered "auto" not described in the Declarations, the most we will pay for "loss" is the smaller of 2.b. or 2.c. in above paragraph, reduced by the largest deductible applied to an "auto" of the same type in the Declarations.

4. We will include the reasonable cost of protecting the damaged property as part of a covered "loss."

5. We will pay under Comprehensive Coverage for the cost of repairing the damaged windshield on "your covered auto" without a deductible. We will pay only if the Declarations indicates that Comprehensive Coverage applies.

The following is added to:

**TRUCKERS COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE**
**MOTOR CARRIER COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE**

B. **Exclusions**

5. At the time of your loss, we will not pay you for any of the following:

   a. Overdue "finance agreement" payments including any type of late fees or penalties;

   b. Financial penalties imposed under a "finance agreement" for excessive use, abnormal wear and tear or high mileage;

   c. Security deposits not normally refunded by the lessor or lender;

   d. Cost of "finance agreement" related products such as, but not limited to, Credit Life Insurance, Health, Accident or Disability Insurance purchased by you;

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 49 of 83   PageID #: 53

PAGE 43/55                        WARREN CO CIRCUIT CL              9314733726        04/29/2011 09:31

e. Carry-over balances from previous "finance agreements" or other amounts not associated with the covered "auto"; or

f. Unpaid principal included in the outstanding "finance agreement" balance that was not used by you to purchase the covered "auto."

The following is added to:

BUSINESS AUTO COVERAGE FORM: SECTION III - PHYSICAL DAMAGE COVERAGE

B. Exclusions:

6. At the time of your loss, we will not pay you for any of the following:

a. Overdue "finance agreement" payments including any type of late fees or penalties;

b. Financial penalties imposed under a "finance agreement" for excessive use, abnormal wear and tear or high mileage;

c. Security deposits not normally refunded by the lessor or lender;

d. Cost of "finance agreement" related products such as, but not limited to, Credit Life Insurance, Health, Accident or Disability Insurance purchased by you;

e. Carry-over balances from previous "finance agreements" or other amounts not associated with the covered "auto"; or

f. Unpaid principal included in the outstanding "finance agreement" balance that was not used by you to purchase the covered "auto."

Additional definitions as used in this endorsement:

1. "Finance agreement" means a written lease or loan contract, entered into, as a part of your business, pertaining to the lease or purchase by you of a covered "auto," and subject to a valid promissory note or written payment obligation contained in a lease, and security agreement or other written agreement establishing a security interest, executed concurrently with the purchase or lease of the covered "auto."

2. "Repairing" does not mean replacing.

T-224 (5/05)

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

04/29/2011 09:31 9314733726 WARREN CO CIRCUIT CL PAGE 44/55

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## POLICY CHANGES - COVERED AUTO SYMBOLS

This endorsement modifies insurance provided under the following:

TRUCKERS COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

SECTION I - COVERED AUTOS is amended as follows:

7, 46, or 67 = SPECIFICALLY DESCRIBED "AUTOS"

Only those "autos" described in ITEM FOUR of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM FOUR).

The following symbol definitions are added to SECTION I - COVERED AUTOS. These symbols must be entered next to a coverage on the declarations in order to apply.

Symbol 11, 51, or 73 = REPORTED "AUTOS"

All "autos" scheduled at inception are covered as well as any additional "autos" added during the month preceding the submission of the monthly report. If the "auto" is not scheduled on the first monthly report following the acquisition of the "auto," there is no coverage until such time as the "auto" is reported to us.

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 51 of 83   PageID #: 55



*****PLEASE KEEP THIS NOTICE WITH YOUR POLICY FOR FUTURE REFERENCE*****

If you experience any problems with your insurance, please contact your local insurance representative.

If you find your local insurance representative is unable to assist you, you may contact our office directly:

NORTHLAND INSURANCE COMPANY
385 WASHINGTON STREET, 103N
ST. PAUL, MINNESOTA 55102
1-800-237-9334

N-1359 (7/05)

Coverage is provided in Company checked

# TRANSPORTATION CARGO
## COVERAGE FORM DECLARATIONS

**Northland INSURANCE**

☐ Check here if PART 2 is attached
☒ Filings

Coverage is provided in Company checked
☒ NORTHLAND INSURANCE COMPANY
☐ NORTHLAND CASUALTY COMPANY
☐ NORTHFIELD INSURANCE COMPANY
St. Paul, MN 55102
STOCK COMPANIES

### ITEM ONE - NAMED INSURED AND ADDRESS

Refa Watley

9571 SR 108 North

Altamont          TN  37301-

25% Down - 9 Payments

Garaging address if different:

| Policy Period | | |
|---|---|---|
| From 02/01/2007 | | ☒ Individual |
| To 02/01/2008 | | ☐ Partnership |
| 12:01 A.M. Standard Time at Named "Insured's" Garaging address | | ☐ Corporation ☐ Joint Venture ☐ LLC ☐ Other |

Business of Named "Insured":
Trucker

Commodities hauled:
Produce, Paper Products, Non-Perishables

POLICY NO.
TN547120

PREVIOUS POLICY NO.
TN494176

| AGENCY NO. | BRANCH |
|---|---|
| 183000 | 001 |

| UW # | SOURCE | Years |
|---|---|---|
| | 41113 | 1 |

### ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as Covered "Autos". "Autos" are shown as Covered "Autos" for a particular coverage by the entry of one or more of the Symbols listed in the Covered Auto Section next to the name of the coverage.

| Covered "Auto" | Coverages | Limits of Insurance | Premium |
|---|---|---|---|
| 86 | CARGO (Coverage subject to Theft Deductible) | $ 100,000 per covered auto less the deductible | $ 1,200.00 |

ADDITIONAL PREMIUM PER ENDORSEMENTS:     $

FORMS AND ENDORSEMENTS CONTAINED IN THE CARGO POLICY AT ITS INCEPTION:
T-047 (4/05), T-404 (6/03)

ESTIMATED TOTAL PREMIUM     $ 1,200.00

### ITEM THREE - HIRED CAR CARGO INSURANCE
ESTIMATED COST OF HIRE     $

| Rate per $100 Cost of Hire | Minimum Premium | Advance Premium (included in ITEM TWO) |
|---|---|---|
| | | Cost of hire means the total cost you incur for the hire of "autos" you don't own. (See covered "auto" symbol.)     $ .00 |

### ITEM FOUR - SCHEDULE OF COVERED AUTOS YOU OWN - CARGO

| Year, Model, Trade Name, Body Type | Identification Number (VIN) | Limit | DED. | THEFT DED. | RATE | PREM. |
|---|---|---|---|---|---|---|
| See T-404 | | | | | | |

### ITEM FIVE - MONTHLY REPORTING POLICIES

| COVERAGES | RATING BASIS CODES GR - Gross Receipts MI - Gross Mileage PU - Rate per Power Unit | RATES | ESTIMATED ANNUAL PREMIUMS | DEPOSIT PREMIUM |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | |
| | | | $ | MINIMUM PREMIUM |
| | | | $ | $ |
| | | | $ | $ Monthly   $ Annually |
| | | | $ | |

EXPOSURES:
Estimated annual gross receipts  $ _____
Estimated annual gross mileage _____     Deductible _____
Number of power units _____     Theft Deductible _____

$     TOTAL ESTIMATED ANNUAL PREMIUM

See separate endorsements for reporting conditions and definitions.

Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1990

# COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that are covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

## A. Description of Covered Auto Designation Symbols

| Symbol | Description of Covered Auto Designation Symbols | |
|--------|------------------------------------------------|---|
| 83 | Owned commercial "autos" only | Only those trucks, tractors you own. This includes those trucks, tractors you acquire ownership of after the policy begins. |
| 86 | Specifically described "autos" | Only those "autos" described in Item Four of the Declarations for which a premium charge is shown. |
| 87 | Hired "autos" only | Only those "autos" you lease, hire or borrow. |
| 88 | Specifically reported "autos" | All "autos" reported at inception are covered as well as any additional "autos" added during the month preceding the submission of the monthly report. If the "auto" is not reported on the first monthly report following the acquisition of the "auto," there is no coverage until such time as the "auto" is reported. |

## B. Owned Autos You Acquire After the Policy Begins

1. If Symbol 86 is entered next to the coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

## C. Temporary Substitute Autos

Any "auto" you do not own while used with the permission of its owners as a temporary substitute for a covered "auto" you own that is out of service because of its:

1. Breakdown;

2. Repair;

3. Servicing; or

4. "Loss."

Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1990

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 54 of 83   PageID #: 58


Various provisions in this policy restrict coverage. Read the entire policy carefully to determine your rights, duties, and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us," and "our" refer to the Company providing this insurance. Other words and phrases that appear in quotation marks have special meaning. Refer to G. DEFINITIONS.

## A. COVERAGE

We cover your liability as a motor carrier for "loss" to Covered Property caused by any of the Covered Causes of Loss for a covered "auto" as described in the Declarations.

1. Covered Property as used in this Coverage Form means:

   a. Goods and merchandise for which you are legally liable under tariff documents, bills of lading or shipping receipts, and which is in your custody;

   b. Goods and merchandise owned by you while loaded for shipment; or

   c. Goods and merchandise for which you have assumed liability under a written lease.

   We cover property while transported in or on a covered "auto". If the covered "auto" is a truck or, tractor and used in your business then coverage is included for Covered Property while in or on:

   a. Any "trailers":

      Any "trailer" loaded and under your care, custody and control for a period not exceeding 10 calendar days. If any "trailer" is unattached as the result of an accident or breakdown and awaiting either repair or transfer of the Covered Property to another "trailer," for a period not exceeding forty-eight (48) hours.

   b. "Manufactured homes" while attached and being towed by a covered "auto."

   c. "Loading and unloading." We will extend the insurance to pay for direct physical "loss" which results from a Covered Cause of Loss to Covered Property during "loading or unloading" to or from any covered "auto."

2. Property Not Covered

   Covered Property does not include:

   a. Accounts, bills, currency, deeds, evidence of debt, money, notes, securities or commercial paper or other documents of value;

   b. Bullion, gold, silver, platinum or other precious alloys or metals; furs or fur garments; jewelry, watches, precious or semi-precious stones;

   c. Paintings, statuary and other works of art;

   d. "Loss" to a covered "auto" or its equipment, including tarpaulins and fittings, intermodal shipping containers;

   e. Property in your care, custody or control, as a "warehouseman"; or

   f. Contraband, or property in the course of illegal transportation or trade.

3. Covered Causes of Loss

   Covered Causes of Loss means your liability for Direct Physical Loss to Covered Property except those causes of "loss" listed in Section B. EXCLUSIONS.

4. Coverage Extensions

   The amount payable under these Coverage Extensions are in addition to the limit shown in the Declarations.

   a. Defense Cost

      We will defend you against any suit brought against you by others for a "loss" to Covered Property caused by or resulting from a Covered Cause of Loss. We retain our rights to investigate, negotiate, and settle any claim or suit in any manner we determine to be necessary or expedient.

      We will not pay for the settlement of any claims or any suits under this Additional Coverage. Nor will we pay any claim or judgement or defend any suit after the applicable Limit of Insurance has been exhausted by the payment of claims, suits or judgements.

   b. Earned Freight Charges

      We cover your earned freight charges that you are unable to collect resulting from a "loss" covered by this Coverage Form.

c. Removal Expenses

(1) We will pay removal expenses to remove Covered Property debris caused by or resulting from a covered "loss" to Covered Property that occurs during the policy period. The term debris shall not include "pollutants."

(2) We will also pay removal expenses to extract "pollutants" from land or water. If the release, discharge or dispersal of the "pollutants" is caused by or results from a covered "loss" that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the earlier of:

(a) The date of direct physical "loss"; or

(b) The end of the policy period.

Any pollution damage to your "auto" is not a covered removal expense.

The most we will pay for removal expenses is $25,000 for the sum of all such expenses arising out of any one occurrence.

d. Claim Mitigation Expense

We will pay the necessary expense you incur to prevent further "loss" to Covered Property if that expense is incurred within a 12 hour period after a covered "loss" occurs.

The most we will pay under this Coverage Extension is $3,500 in any one occurrence. No Deductible will be applied to claim mitigation expense.

B. EXCLUSIONS

1. We will not pay your liability for a "loss" caused directly or indirectly by any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss."

a. Governmental Action

Seizures or destruction of property by order of governmental authority. But, we will pay for "loss" or damage caused by or resulting from acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread, if the fire would be covered under this Coverage Form.

b. Nuclear Hazard

(1) Any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination from any other cause. But we will pay for direct "loss" caused by resulting fire if the fire would be covered under this coverage form.

c. War and Military Action

(1) War, including undeclared or civil war;

(2) Warlike action by military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay your liability for "loss" caused by or resulting from any of the following:

a. Delay, loss of use, loss of market, the Covered Property reaching or exceeding its freshness or use by date.

b. Any consequential "loss."

c. "Loss" resulting from dishonest or criminal acts by you, any of your partners, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the Covered Property for any purpose:

(1) Acting alone or in collusion with others; or

(2) Whether occurring during the hours of employment or at any other time.

d. Voluntary parting with any property by you or anyone entrusted with the property is induced to do so by any fraudulent scheme, trick, device or false pretense.

e. Unauthorized instruction to transfer property to any person or to any place.

f. Caused by or resulting from any of the following. But if "loss" by a covered cause of loss results, we will pay for that resulting "loss."

(1) Intentional "loss."

(2) Wear and tear, obsolescence, any quality in the property that causes it to damage or destroy itself, hidden or latent defect, gradual deterioration.

(3) Insects, vermin or rodents.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Case 4:11-cv-00026-HSM-WBC Document 1-1 Filed 04/29/11 Page 56 of 83 PageID #: 60

g. Unexplained "loss" or shortage discovered upon taking inventory.

h. To illegal Covered Property.

i. Rough handling, insufficient securing of the Covered Property, poor or insufficient packaging, or packing of the Covered Property or poor packing of Covered Property in or on a covered "auto."

j. Corrosion, contamination, marring or scratching.

k. Wetness or dampness unless the Covered Property is contained in a fully enclosed, water tight dry van or is completely covered by a waterproof tarpaulin which is securely fastened.

l. Spoilage, freezing or change in temperature unless resulting from the mechanical breakdown or failure of the automatic temperature control unit of the covered "auto."

m. With respect to "manufactured homes":

(1) "Loss" to personal property that is not an integral part of the "manufactured home";

(2) "Loss" from the collapse or failure of the frame, undercarriage or suspension system of the "manufactured home" including but not limited to axles, wheels, tongue, or tires; or

(3) "Loss" from sagging, warping, twisting or "loss" of windows or doors from their frames unless caused directly by fire, collision or upset.

n. Non-delivery or misdelivery of Covered Property unless the non-delivery or misdelivery is the result of a cause of "loss" not otherwise excluded by this Coverage Form.

o. Cotton, within seventy-two (72) hours after ginning.

3. We will not pay for any costs, fines or penalties you incur for your violation of any law or regulation that applies to your delay in payments, denial or settlement of any claim made against you by others for "loss" to Covered Property.

## C. LIMITS OF INSURANCE

1. The most we will pay for "loss" to Covered Property in a single covered "auto" is the lesser of the following:

a. The amount shown as the Limit of Insurance in the Declarations; or

b. The actual cash value of the damaged or stolen Covered Property at the time of the "loss," but actual cash value shall not exceed the lower of the invoice price or the market value on the date and place of shipment.

For "manufactured homes" the actual cash value is the total value of all sections of the "manufactured home." For "auto" haulers, the actual cash value is the value of all vehicles listed on the shipping document.

2. The most we will pay for all "loss" to Covered Property caused by any one occurrence is the total of all cargo limits on all covered "autos" or $1,000,000 whichever is less.

## D. DEDUCTIBLE

We will not pay for "loss" in any one occurrence until the amount of the "loss" before applying the applicable Limits of Insurance, exceeds the Deductible shown in the Declarations. We will then pay the amount of the "loss" in excess of the Deductible.

## E. LOSS CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

1. Abandonment

There can be no abandonment of any Covered Property to us.

2. Appraisal

If we and you disagree on the value of the Covered Property or the amount of "loss," either may make written demand for an appraisal of the "loss." In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the Covered Property and amount of "loss." If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

3. Duties in the Event of Loss

If there is a "loss" to Covered Property or an "auto" transporting Covered Property you must do the following:

a. Notify the police if a law may have been broken or Covered Property is stolen.

b. Give us prompt notice of the "loss" or damage. Include a description of the Covered Property involved.

T-047 (6/05)    Includes copyrighted material of Insurance Services Office, Inc. with its permission.    Page 3 of 5

PAGE 51/55                    WARREN CO CIRCUIT CL        9341733726          00:31   11/62/2011          04/29/2011  00:31          Page 3 of 5

c. As soon as possible, give us a description of how, when, and where the "loss" or damage occurred.

d. Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent "loss" or damage resulting from a cause of "loss" that is not an excluded "loss." Also, if feasible, set the damaged Covered Property aside and in the best possible order for examination.

e. You will not, except at your own cost, voluntarily make a payment, assume any obligation or incur any expense without our consent.

f. As often as may be reasonably required, permit us to inspect the Covered Property proving the "loss" or damage and examine your books and records.

   Also permit us to take samples of damaged and undamaged Covered Property for inspection, testing and analysis, and permit us to make copies from your books and records.

   At our request, give us complete shipping documents and inventories of the damaged and undamaged Covered Property including quantities, costs, values, and amount of "loss" claimed.

g. If requested, permit us to question you under oath, at such times as may be reasonably required, about any matter relating to this insurance or your claims, including your books and records. In such event, your answers must be signed.

h. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.

i. Cooperate with us in the investigation or settlement of the claim.

4. Insurance Under Two or More Coverages

If two or more of this policy's coverages apply to the same "loss" or damage, we will not pay more than the actual amount of the "loss" or damage.

5. How We Will Pay for Losses

a. "Loss" is payable to you and/or to the owner of the Covered Property, as interests may appear.

b. In the case of Covered Property liability assumed under a written lease, this policy's coverage is primary.

c. At our option, we may:

   (1) Pay for, repair or replace damaged or stolen Covered Property;

   (2) Return the stolen Covered Property at our expense. We will pay for any damage that results to the Covered Property from the theft; or

   (3) Take all or any part of the damaged or stolen Covered Property at an agreed or appraised value.

6. Other Insurance

a. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Form. If you do, we will pay our share of the covered "loss" or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Form bears to the Limits of Insurance of all insurance covering on the same basis.

b. If there is other insurance covering the same "loss" or damage, other than that described in a. above, we will pay only for the amount of covered "loss" or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But, we will not pay more than the applicable Limit of Insurance.

7. Recovered Property

If either you or we recover any Covered Property after "loss" settlement, that party must give the other prompt notice. At your option, the covered property will be returned to you. You must then return to us the amount we paid to you for the Covered Property. We will pay recovery expenses and the expenses to repair the recovered Covered Property, subject to the Limit of Insurance.

8. Transfer of Rights of Recovery Against Others to Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after "loss" to impair them.

F. GENERAL CONDITIONS

1. Concealment, Misrepresentation or Fraud

This Coverage Form is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other "insured," at any time, concerning:

Case 4:11-cv-00026-HSM-WBC   Document 1-1   Filed 04/29/11   Page 58 of 83   PageID #: 62

PAGE 52/55                              WARREN CO CIRCUIT CL                    9314733726              04/29/2011  09:31

a. This Coverage Form;

b. The Covered Property;

c. Your interest in the Covered Property; or

d. A claim under this Coverage Form.

2. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form unless:

a. There has been full compliance with all the terms of this Coverage Form; and

b. The action is brought within 2 years after you first have knowledge of the direct "loss" or damage.

3. No Benefit to Bailee

No person or organization, other than you, having custody of covered Covered Property will benefit from this insurance.

4. Policy Period

We cover "loss" or damage commencing:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico; and

d. Canada.

5. Inspection

At our option, we may inspect the Covered Property and operations at any time. These inspections are for our benefit only. By our right to inspect or by our making any inspection, we make no representation that your Covered Property or operations are safe, not harmful to health or comply with any law, rule or regulation.

6. Transfer of Your Interest in This Policy

Your rights and duties under this policy may not be assigned without our written consent.

7. Bankruptcy

Bankruptcy or insolvency of the insurer or the Named Insured's estate will not relieve us of obligation under this Coverage Form.

8. Premium Audit

The estimated premium for this Coverage Form is based on the exposures you told us you have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

G. DEFINITIONS

1. "Auto" means a land motor vehicle, "trailer" or semitrailer designed for travel on public roads but does not include "mobile equipment."

2. "Loading and unloading" means hoisting, lifting or moving Covered Property onto or off of your covered "auto" to or from the ground or loading docks adjacent to such covered "auto," but no more than 100 feet.

For auto haulers "loading and unloading" means moving Covered Property onto or off of, your covered "auto," but no more than 5,000 feet from the covered "auto."

3. "Loss" means direct and accidental loss or damage.

4. "Manufactured homes" includes modular and mobile homes.

5. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

6. "Trailer" includes semitrailer or a dolly used to convert a semitrailer into a "trailer."

7. "Warehouseman" means:

A motor carrier who removes any covered property from a "trailer" for the purpose of storage, other than for the immediate transfer of covered property to another trailer as a result of accident or breakdown.

Case 4:11-cv-00026-HSM-WBC Document 1-1 Filed 04/29/11 Page 59 of 83 PageID #: 68

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## THEFT DEDUCTIBLE

This endorsement changes the policy effective on the inception date of the policy unless a different date is indicated below.

(The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement is **EFFECTIVE** on    02/01/2007     at 12:01 A.M. standard time, forms a part

of Policy No.    TN547120      Issued to   Refa   Watley

| | |
|---|---|
| 02/08/2007 | _JM Sing_ |
| Date | Authorized Representative |

This endorsement modifies the insurance provided under the following:

## TRANSPORTATION CARGO COVERAGE FORM

### A. Theft Deductible

If "loss" to covered property is caused by or results from theft of an unattached "trailer," the following replaces Section D. Deductible.

### D. Deductible

We will not pay for "loss" in any one occurrence until the amount of the "loss" before applying the applicable Limits of Insurance, exceeds the Theft Deductible shown in the Declarations. We will then pay the amount of the "loss" in excess of the Theft Deductible.

T-404 (6/03)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## FAMILY EMERGENCY TRAVEL COVERAGE

This endorsement modifies the insurance provided under the following:

MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

SECTION II - LIABILITY COVERAGE, A. 2. Coverage Extensions is amended to include the following:

c. Family Emergency Travel Coverage

In addition to the Limit of Insurance, we will pay reasonable "travel reimbursement expenses" incurred by a family member or associate of an "insured" or passenger of a covered "auto" for travel to visit that "insured" or passenger who was injured in an "accident" involving a covered "auto," subject to the following conditions:

(1) Regardless of the number of traveling family members or associates, injured "insureds" or passengers, claims made or vehicles involved in the "accident," the most we will pay for all "travel reimbursement expenses" resulting from any one "accident" is $2,500. If the combined total of reasonable "travel reimbursement expenses" incurred by two or more family members or associates exceeds the $2,500 per accident limit, we will pay on a pro rata basis.

(2) Travel must be to visit the injured party at the hospital or in the event of death, to the location necessary to handle the immediate affairs of the deceased.

(3) Subject to the $2,500 per accident limit, the most we will pay for the combined total of expenses for room accommodations, meals, and parking for each family member or associate is $200 per day.

(4) We will reimburse ground transportation using a personal vehicle at a rate of 40 cents per mile for the actual miles driven.

(5) All "travel reimbursement expenses" must be supported by written receipts submitted to us no later than one year from the date of the "accident."

SECTION VI - DEFINITIONS is amended to include the following:

"Travel reimbursement expenses" include reasonable ground, rail, or air (coach class) transportation, room accommodations, meals, and parking expenses only.

T-488 (9/08)

# EXHIBIT B



*Rec 3-10-08*

March 6, 2008                                              CERTIFIED MAIL

MS. REFA WATLEY
9571 SR 108 NORTH
ALTAMONT          TN 37301

Re:          Our Insured:              Refa Watley
             File Number:              21 TN547120
             Claimant:                 April Miller
             Date of Loss:             December 4, 2007

Dear Ms. Watley:

Your driver Lewis Watley was involved in an accident on December 4, 2007. He was driving your 2000 Kenworth and pulling your 1995 Utility trailer. April Miller was a passenger in the 2000 Kenworth when the accident occurred. Ms. Miller is a driver for your business. Mr. Watley hit an icy stretch on I80 and went off the road. Both Mr. Watley and April Miller were injured in the accident.

Your policy TN547120 has effective dates of February 1, 2007 to February 1, 2008. The liability limits are $1,000,000. Your policy's coverage form is the **TRUCKERS COVERAGE FORM – CA 00 12 (07/97)**.

Your coverage form includes various exclusions. The exclusions are found in **Section II – LIABILITY COVERAGE** of the policy. Among these exclusions are the following:

    **B.**    **Exclusions**

        This insurance does not apply to any of the following:

        4.    **Employee Indemnification And Employer's Liability**

            "Bodily injury" to:

            a.    An "employee" of the "insured" arising out of and in the course of:

                (1)    Employment by the "insured"; or

                (2)    Performing the duties related to the conduct of the "insured's" business; or

            b.    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

            This exclusion applies:

PAGE 02/22          WARREN CO CIRCUIT CL          9314733726          09:00   04/29/2011

(1)   Whether the "insured" may be liable as an employer or in any other capacity; and

(2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

These exclusions apply to the bodily injury claim of April Miller. She is an employee of yours, and she was in the tractor as a result of that employment. There is no coverage under your policy with Northland for the bodily injury claim of April Miller arising from the accident on December 4, 2007. Our position on liability coverage does not affect coverage under your policy for No-Fault benefits. Please contact me if you have any questions.

Sincerely,

Sean Sullivan
Senior Technical Specialist
Northland Insurance Company
PO Box 64805, St. Paul MN 55164-0805
800/328/5972x04491    sbsulliv@northlandins.com

CC: Graham-Rogers, Inc.
    Lewis Watley

# State of Tennessee

DEC 0 2 2010

CIRCUIT **Court of** WARREN **County, Tennessee**

APRIL TELENA MILLER and husband,
ROGER MILLER,
Plaintiff

vs.

NORTHLAND INSURANCE COMPANY; and
REFA WATLEY D/B/A REFA WATLEY TRUCKING,
and LEWIS LEO WATLEY

Defendants

**Civil Summons**

No. 3842

Action: Complaint For Declaratory Judgment to Determine Rights and Liabilities Under Commercial Motor Carrier Liability Insurance Policy

REFA WATLEY, D/B/A REFA WATLEY TRUCKING,

To the above named defendant(s):

You are hereby summoned and required to serve upon D. Michael Kress II , plaintiff's attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within 5 days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Bernadette W. Morris Clerk of said Court,

at office the Monday in A.D., 20 10 .

Issued this 2 day of December , 20 10

Bernie Morris

BERNADETTE W. MORRIS, Clerk

By:
Deputy Clerk

Received this 2nd day of December 2010

Sheriff—Deputy Sheriff

## NOTICE

**To the Defendant(s):**
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 25th day of March 20 11 I returned served this summons together with the complaint herewith as follows: REFA Watley, D/B/A Refa Watley Trucking was not found in Warren County, TN.

Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.



# State of Tennessee
### CIRCUIT Court of WARREN County, Tennessee

APRIL TELENA MILLER and husband,
ROGER MILLER,

**Plaintiff**

vs.

NORTHLAND INSURANCE COMPANY; and
REFA WATLEY D/B/A REFA WATLEY TRUCKING,
and LEWIS LEO WATLEY

**Defendants**

**Civil Summons**

No. 3842

Action: Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier Liability
Insurance Policy

To the above named defendant(s):   LEWIS LEO WATLEY

You are hereby summoned and required to serve upon D. Michael Kress II , plaintiff's attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within ___5___ days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, __Bernadette W. Morris__ Clerk _____ of said Court.

at office the _____ Monday in _____ A.D., 20 10 .

Issued this __2__ day of __December__, 20 10 .

*Bernie Morris*

BERNADETTE W. MORRIS,   Clerk

By: _____

Deputy Clerk

Received this __2nd__ day of __December__ 2010

Sheriff—Deputy Sheriff

## NOTICE

**To the Defendant(s):**
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the __25th__ day of __March__ 20 1811 , I returned served this summons together with a copy of the complaint as follows: __Lewis Leo Watley__ was not found in Warren County, TN.

_____

Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

PAGE 05/22   WARREN CO CIRCUIT CL   9314733726   04/29/2011 09:00

# State of Tennessee

CIRCUIT **Court of** WARREN **County, Tennessee** 2010

| | |
|---|---|
| APRIL TELENA MILLER and husband, | **Civil Summons** |
| ROGER MILLER, | |
| Plaintiff | No. 3842 |
| vs. | |
| NORTHLAND INSURANCE COMPANY; and | **Action:** Complaint For Declaratory Judgment |
| REFA WATLEY D/B/A REFA WATLEY TRUCKING, | to Determine Rights and Liabilities |
| and LEWIS LEO WATLEY | Under Commercial Motor Carrier Liability |
| | Insurance Policy |

Defendants

To the above named defendant(s): NORTHLAND INSURANCE COMPANY,

You are hereby summoned and required to serve upon D. Michael Kress II , plaintiff's attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within 5 days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Bernadette W. Morris Clerk of said Court,

at office the Monday in A.D. 20 10.

Issued this 2 day of December 20 10.

BERNADETTE W. MORRIS,       Clerk

By:

Deputy Clerk

Received this 2nd day of December 2010

Sheriff—Deputy Sheriff

## NOTICE

**To the Defendant(s):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 25th day of March 20 11 I returned served this summons together with a copy of the complaint here as follows: A Northland Insurance company physical office could not be located in Warren County, TN.

Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

# State of Tennessee
CIRCUIT **Court of** WARREN **County, Tennessee**

APRIL TELENA MILLER and husband,

ROGER MILLER,
_____ Plaintiff

vs.

NORTHLAND INSURANCE COMPANY; and

REFA WATLEY D/B/A REFA WATLEY TRUCKING

and LEWIS LEO WATLEY,

_____

_____
                Defendants

**"ALIAS"  Civil Summons**

No. 3842

Action:  Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier
Liability Insurance Policy

FILED

MAR 25 2011

Time _____ Initials _____
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

To the above named defendant(s): REFA WATLEY, D/B/A, REFA WATLEY TRUCKING

You are hereby summoned and required to serve upon D. MICHAEL KRESS II , plaintiff's

attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint

which is herewith served upon you within thirty (30) days after service of this summons upon you,

exclusive of the day of service, and file a copy of the answer with this court within ___5___ days after

answer is made. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint.

Witness, Bernadette W. Morris _____ Clerk _____ of said Court,

at office the _____ Monday in _____ A.D. 20 11 .

Issued this 25th day of March 20 11 .

                                    Bernie Morris
                                    _____ Clerk
                            By: DMP
                                    _____ Deputy Clerk

Received this 25th day of March 20 11 .

                            _____
                            Sheriff—Deputy Sheriff

## NOTICE
**To the Defendant(s):**
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS
I hereby certify and return, that on the 28th day of March 20 11 , I

served this summons together with a copy of the complaint herein as follows: Personaly served

at Charles Morson M.D. office by Justin Whittenburg. The papers were hand

delivered at 10:00 .

                            _____
                            Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

JI&5

# State of Tennessee

CIRCUIT **Court of** WARREN **County, Tennessee**

APRIL TELENA MILLER and husband,

ROGER MILLER;
_____
Plaintiff

vs.

NORTHLAND INSURANCE COMPANY; and
REFA WATLEY D/B/A REFA WATLEY TRUCKING
and LEWIS LEO WATLEY.
_____
_____
_____
Defendants

**"ALIAS"** Civil Summons

No. 3842

Action: Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier
Liability Insurance Policy

**FILED**

**MAR 25 2011**

Time_____ Initials_____
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

To the above named defendant(s): LEWIS LEO WATLEY

You are hereby summoned and required to serve upon D. MICHAEL KRESS II an attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within ___5___ days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Bernadette W. Morris       Clerk       of said Court.

at office the ___3rd___ Monday in _____ A.D. 20_11_.

Issued this ___25th___ day of ___March___, 20_11_.

_____ Clerk

By: _____
Deputy Clerk

Received this ___25th___ day of ___March___ 20_11_.

_____
Sheriff–Deputy Sheriff

**RECEIVED** MAR 29 2011

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN ON SERVICE OF SUMMONS**

I hereby certify and return, that on the ___28th___ day of ___March___ 20_11_, I served this summons together with a copy of the complaint herein as follows: _Personally served at Charles Morgans M.D. office by Justin Whittenburg. The papers were hand delivered at 10:00._

_____
Sheriff–Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

PAGE 08/22     WARREN CO CIRCUIT CL     931473376     04/29/2011 09:00

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

FILED

APR 07 2011

_____Time_____Initials
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

April 05, 2011

Northland Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 24015

Certified Mail
Return Receipt Requested
7010 2780 0001 2571 2634
Cashier # 2587

Re:   April & Roger Miller   V.   Northland Insurance Company

      Docket # 3842

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 31, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Warren County
    P O Box 639
    Mcminnville, Tn 37110

# State of Tennessee

## CIRCUIT  Court of WARREN  County, Tennessee

APRIL TELENA MILLER and husband,

ROGER MILLER,
_____ Plaintiff
vs.

NORTHLAND INSURANCE COMPANY; and

REFA WATLEY D/B/A REFA WATLEY TRUCKING

and LEWIS LEO WATLEY,

_____ Defendants

**"ALIAS"  Civil Summons**

No. 3842

Action:  Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier
Liability Insurance Policy

**FILED**

**MAR 25 2011**

Time _____ Initials

BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

To the above named defendant(s): NORTHLAND INSURANCE COMPANY, _____

You are hereby summoned and required to serve upon D. MICHAEL KRESS _____ plaintiff's attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within 5 days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Bernadette W. Morris _____ Clerk _____ of said Court.

at office the _____ Monday in _____ A.D., 20 11.

Issued this 25th day of March 2011

_____ Bennie Morris _____ Clerk

By: _____ DMP
_____ Deputy Clerk

Received this 25th day of March 20 11

_____ D M Kress
Sheriff—Deputy Sheriff

---

## NOTICE

**To the Defendant(s):**
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____ 20 11, I
served this summons together with a copy of the complaint herein as follows: _____

_____

_____

_____

_____ Sheriff—Deputy Sheriff

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE**

Case 4:11-cv-00026-HSM-WBC  Document 1-1  Filed 04/29/11  Page 71 of 83  PageID #: 75

PAGE 10/22          WARREN CO CIRCUIT CL          9314733726          04/29/2011 09:00

APRIL TELENA MILLER, AND HUSBAND, ROGER MILLER, )
)
    PLAINTIFFS, )
)
VERSUS )
)    Case No. 3842
)
NORTHLAND INSURANCE COMPANY; AND, )
REFA WATLEY D/B/A REFA WATLEY TRUCKING, AND, )
LEWIS LEO WATLEY. )
    DEFENDANTS. )

**FILED**

**APR 1 2 2011**

_____Time_____Initials
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

### SERVICE OF PROCESS AFFIDAVIT
### FOR NORTHLAND INSURANCE COMPANY
### THROUGH THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE

D. MICHAEL KRESS II, first duly sworn according to law, deposes and says:

1.    THAT, I, D. Michael Kress II, am competent to attest to the facts contained herein and that I am over the age of 18 years.

2.    THAT, I am an attorney licensed to practice law before the Courts of the State of Tennessee.

3.    THAT, I have been retained by April Telena Miller and husband, Roger Miller to represent their interests with respect to a COMPLAINT, in Warren County, Tennessee, with which they are involved, and I have filed a COMPLAINT to that end on the 30th day of November, 2010, in the office of the Warren County Circuit Court Clerk, and which bears Circuit Court case number 3842, and which names Northland Insurance Company, as a party Defendant.

4.    THAT, on or about the 25th day of March, 2011, the Warren County Clerk issued an ALIAS SUMMONS to be served upon Northland Insurance Company, as a Defendant.

5.    THAT, on or about the 28th day of March, 2011, I mailed a copy of the ALIAS SUMMONS and COMPLAINT to Northland Insurance Company, c/o State of Tennessee, Service of Process, Department of Commerce and Insurance, addressed to 500 James Robertson Parkway, Nashville, TN 37243-1131, via United States Postal Service, Certified Mail, Return Receipt Requested.

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

6.      THAT, on or about the 29ᵗʰ day of March, 2011, Jarood Clark signed for receipt of the parcel containing a copy of the ALIAS SUMMONS and COMPLAINT.

7.      THAT, on or about the 6ᵗʰ day of April, 2011, I received the Domestic Return Receipt bearing the name of Jarood Clark which is annexed hereto as *EXHIBIT A*.

8.      THAT, service of process compliance requirements have been accomplished pursuant to TENNESSEE RULE OF CIVIL PROCEDURE 4.03 in all respects.

9.      THAT, the original ALIAS SUMMONS is annexed hereto as *EXHIBIT B* bearing my signature as well as the date upon which there was a copy of the ALIAS SUMMONS and COMPLAINT mailed to the Defendant, Northland Insurance Company, via United States Postal Service, Certified Mail, Return Receipt Requested, as well as the date of receipt of the return receipt from the Office of the Tennessee Department of Commerce and Insurance in its capacity as designated agent on behalf of Northland Insurance Company.

THIS the 12ᵗʰ day of April, 2011.

FURTHER AFFIANT SAITH NAUGHT.

D. MICHAEL KRESS II

ACKNOWLEDGMENTS OF NOTARY PUBLIC

STATE OF TENNESSEE     )
COUNTY OF WHITE        )

PERSONALLY appeared before me, the undersigned, a Notary Public in and for the aforesaid State and County, D. MICHAEL KRESS II, with whom I am personally acquainted and who acknowledged to me that he executed the within instrument for the purposes therein contained, and the statements affirmed in this SERVICE OF PROCESS AFFIDAVIT FOR NORTHLAND INSURANCE COMPANY, are true to the best of his knowledge, information, and belief.

WITNESS my hand, at office, this 12ᵗʰ day of April, 2011.

NOTARY PUBLIC

MY COMMISSION EXPIRES: 7/18/2011



D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

Service of Process Affidavit for Northland Insurance Company Through the Tennessee Department of Commerce and Insurance
Miller v. Northland Insurance Company, et al., Warren County Circuit Court case no. 3342
Page 2 of 3

## CERTIFICATE OF SERVICE

I, D. MICHAEL KRESS II, pursuant to the TENNESSEE RULES OF CIVIL PROCEDURE, hereby certify that a true, correct and exact copy of the foregoing SERVICE OF PROCESS AFFIDAVIT FOR NORTHLAND INSURANCE COMPANY THROUGH THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE has been served upon Northland Insurance Company, c/o Mr. Sean Sullivan, addressed to P.O. Box 64805, St. Paul, MN 55164-0805; Refa Watley, d/b/a Refa Watley Trucking, addressed to 9571 SR 108 North, Altamont, TN 37301; and, Lewis Leo Watley, addressed to 9571 SR 108 North, Altamont, TN 37301, each via United Stated Mail, First Class Mail, Postage prepaid, with sufficient postage affixed thereon to carry same to their respective destinations.

THIS 12th day of April, 2011.

D. MICHAEL KRESS II

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

Service of Process Affidavit for Northland Insurance Company Through the Tennessee Department of Commerce and Insurance
Miller v. Northland Insurance Company, et al., Warren County Circuit Court case no. 3342
Page 3 of 3

APRIL TELENA MILLER, AND HUSBAND, ROGER MILLER, )
                                      )

__PLAINTIFFS__,                       )

                                      )

*VERSUS*                                    )       Case No. 3842

                                      )

NORTHLAND INSURANCE COMPANY; AND,         )
REFA WATLEY D/B/A REFA WATLEY TRUCKING, AND,   )
LEWIS LEO WATLEY.                        )
       __DEFENDANTS__.                  )

DOMESTIC RETURN RECEIPT

7006 3450 0002 3420 3920

U.S. Postal Service
CERTIFIED MAIL... RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Postage | $
Certified Fee | $2.80
Return Receipt Fee (Endorsement Required) | $2.30
Restricted Delivery Fee (Endorsement Required) | $0.00
Total Postage & Fees | $ $10.30

03/28/2011

PS Form 3811, February 2004      Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
State of Tn Serv of Process
Dept. of Commerce & Ins
500 James Robertson Parkway
Nashville, Tn 37243-1131

2. Article Number (Transfer from service label)
7006 3450 0002 3420 3920

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

EXHIBIT
A

# State of Tennessee

## CIRCUIT Court of WARREN County, Tennessee

APRIL TELENA MILLER and husband,

ROGER MILLER,
Plaintiff

VS.

NORTHLAND INSURANCE COMPANY; and
REFA WATLEY D/B/A REFA WATLEY TRUCKING
and LEWIS LEO WATLEY,

Defendants

**"ALIAS" Civil Summons**

No. 3842

Action: Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier
Liability Insurance Policy

**FILED**

**MAR 2 5 2011**

_____ Time _____ Initials

BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

To the above named defendant(s): NORTHLAND INSURANCE COMPANY,

You are hereby summoned and required to serve upon D. MICHAEL KRESS, an attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within ___5___ days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Bernadette W. Morris _____ Clerk _____ of said Court.

at office the _____ Monday in _____ A.D., 20 11.

Issued this 25th day of March, 2011.

Bennie Morris
Clerk

By: _____
Deputy Clerk

Received this 25th day of March, 2011.

D. M. Kress
Sheriff—Deputy Sheriff

## NOTICE

**To the Defendant(s):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 28th day of March, 20 11, I served this summons together with a copy of the complaint herein as follows: Via U.S.P.S. Certified Mail Return Receipt Requested, Endorsed by. To State of Tn. Sec. of Process Dep. of Commerce 500 James Robertson Parkway, Nashville Tn. 37243-1131, and Signed for by Jarood Clark on March 29 2011

D. M. Kress
Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

PAGE 15/22          WARREN CO CIRCUIT CL          9314733726          00:00 1102/62/40

**EXHIBIT**
B

APRIL TELENA MILLER, AND HUSBAND, ROGER MILLER, )
)
PLAINTIFFS,                                       )
)
VERSUS                                            )          Case No. 3842
)
NORTHLAND INSURANCE COMPANY; AND,                 )
REFA WATLEY D/B/A REFA WATLEY TRUCKING, AND,       )          **FILED**
LEWIS LEO WATLEY.                                 )          APR 15 2011
DEFENDANTS.                                       )
                                                  Time_____ Initials_____
                                                  BERNADETTE W. MORRIS
                                                  CIRCUIT COURT CLERK

## SERVICE OF PROCESS AFFIDAVIT
## RELATING TO NORTHLAND INSURANCE COMPANY

D. MICHAEL KRESS II, first duly sworn according to law, deposes and says:

1.      THAT, I, D. Michael Kress II, am competent to attest to the facts contained herein and that I am over the age of 18 years.

2.      THAT, I am an attorney licensed to practice law before the Courts of the State of Tennessee.

3.      THAT, I have been retained by April Telena Miller and husband, Roger Miller to represent their interests with respect to a COMPLAINT, in Warren County, Tennessee, with which they are involved, and I have filed a COMPLAINT to that end on the 30th day of November, 2010, in the office of the Warren County Circuit Court Clerk, and which bears Circuit Court case number 3842, and which names Northland Insurance Company, as a party Defendant.

4.      THAT, on or about the 25th day of March, 2011, the Warren County Clerk issued an ALIAS SUMMONS to be served upon Northland Insurance Company, as a Defendant.

5.      THAT, on or about the 28th day of March, 2011, I mailed a copy of the ALIAS SUMMONS and COMPLAINT to Northland Insurance Company, c/o Sean Sullivan, Senior Technical Specialist, addressed to P.O. Box 64805, St. Paul MN. 55164-0805, via United States Postal Service, Certified Mail, Return Receipt Requested.

*D. Michael Kress II*
*Attorney-at-Law*
*8 East Bockman Way*
*Sparta, TN 38583*
*931.836.1010 Phone*
*931.836.1110 Fax*
*mike@dmkresslaw.com*

6. **THAT,** on or about the 31st day of March, 2011, a person who's signature is illegible, but which is reflected on *Exhibit A* hereto, signed for receipt of the parcel containing a copy of the ALIAS SUMMONS and COMPLAINT.

7. **THAT,** on or about the 6th day of April, 2011, I received the Domestic Return Receipt bearing a person's signature which is illegible, but which is reflected on *Exhibit A* annexed hereto.

8. **THAT,** service of process compliance requirements have been accomplished pursuant to TENNESSEE RULE OF CIVIL PROCEDURE 4.03 in all respects.

9. **THAT,** a copy of the original ALIAS SUMMONS is annexed hereto as *EXHIBIT B* bearing my signature as well as the date upon which there was a copy of the ALIAS SUMMONS and COMPLAINT mailed to the Defendant, Northland Insurance Company, via United States Postal Service, Certified Mail, Return Receipt Requested, as well as the date of receipt of the return receipt from the Defendant in its capacity.

**THIS** the 14th day of April, 2011.

    **FURTHER AFFIANT SAITH NAUGHT.**

                                       **D. MICHAEL KRESS II**

### ACKNOWLEDGMENTS OF NOTARY PUBLIC

STATE OF TENNESSEE       )
COUNTY OF WHITE        )

**PERSONALLY** appeared before me, the undersigned, a Notary Public in and for the aforesaid State and County, D. MICHAEL KRESS II, with whom I am personally acquainted and who acknowledged to me that he executed the within instrument for the purposes therein contained, and the statements affirmed in this SERVICE OF PROCESS AFFIDAVIT FOR NORTHLAND INSURANCE COMPANY, are true to the best of his knowledge, information, and belief.

**WITNESS** my hand, at office, this 14th day of April, 2011.

                                      **NOTARY PUBLIC**

MY COMMISSION EXPIRES: 7/18/2011

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

2

[Notary seal: BRENDA K. SELBY, NOTARY PUBLIC AT LARGE, WHITE COUNTY, TN]

## CERTIFICATE OF SERVICE

I, D. MICHAEL KRESS II, pursuant to the TENNESSEE RULES OF CIVIL PROCEDURE, hereby certify that a true, correct and exact copy of the foregoing SERVICE OF PROCESS AFFIDAVIT Relating to NORTHLAND INSURANCE COMPANY has been served upon Northland Insurance Company, c/o Mr. Sean Sullivan, via United Stated Mail, First Class Mail, Postage prepaid, addressed to P.O. Box 64805, St. Paul, MN 55164-0805; Refa Watley, d/b/a Refa Watley Trucking, addressed to 9571 SR 108 North, Altamont, TN 37301; and Lewis Leo Watley, addressed to 9571 SR 108 North, Altamont, TN 37301, with sufficient postage affixed thereon to carry same to their respective destinations.

THIS 14th day of April, 2011.

_____

D. MICHAEL KRESS II

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

3

IN THE CIRCUIT COURT OF WARREN COUNTY, TENNESSEE
THIRTY-FIRST JUDICIAL DISTRICT AT MCMINNVILLE

APRIL TELENA MILLER, AND HUSBAND, ROGER MILLER, )
                                                         )

PLAINTIFFS, )

                                                         )       Case No. 3842

VERSUS                                                  )

                                                         )       **FILED**

NORTHLAND INSURANCE COMPANY; AND, )
REFA WATLEY D/B/A REFA WATLEY TRUCKING, AND, )      APR 15 2011
LEWIS LEO WATLEY. )
**DEFENDANTS.** )                           ___Time___  ___Initials___
                                                       BERNADETTE W. MORRIS
                                                       CIRCUIT COURT CLERK

DOMESTIC RETURN RECEIPT

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7006 3450 0002 3420 3937

| | |
|---|---|
| Postage | $ |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $10.45 |

Northland Ins. Co.
c/o Mr. Sean Sullivan, Sr. App't Sect.
P.O. Box 64805
St. Paul, Mn. 55164-0805

03/23/2011

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

PS Form 3811, February 2004     Domestic Return Receipt

1. Article Addressed to:

Northland Ins. Co.
c/o Mr. Sean Sullivan,
Senior Technician Specialist
P.O. Box 64805
St. Paul, Mnl 55164-0805

2. Article Number
*(Transfer from service label)*
7006 3450 0002 3420 3937

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
    If YES, enter delivery address below: ☐ No

MAR 31 2011

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1540

D. Michael Kress II
Attorney-at-Law
8 East Bockman Way
Sparta, TN 38583
931.836.1010 Phone
931.836.1110 Fax
mike@dmkresslaw.com

**EXHIBIT**

A

PAGE 19/22           WARREN CO CIRCUIT CL       9314733726     00:60   04/29/2011

# State of Tennessee

# CIRCUIT Court of WARREN County, Tennessee

APRIL TELENA MILLER and husband,
ROGER MILLER,
            Plaintiff

vs.

NORTHLAND INSURANCE COMPANY; and
REFA WATLEY D/B/A REFA WATLEY TRUCKING
and LEWIS LEO WATLEY,

            Defendants

"ALIAS" Civil Summons

No. 3842

Action: Complaint For Declaratory Judgment
to Determine Rights and Liabilities
Under Commercial Motor Carrier
Liability Insurance Policy

**FILED**

MAR 25 2011

Time_____ Initials_____
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

To the above named defendant(s): NORTHLAND INSURANCE COMPANY,

You are hereby summoned and required to serve upon D. MICHAEL KRESS, attorney, whose address is 8 E. Bockman Way, Sparta, TN 38583 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within 5 days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, _____Bernadette W. Morris_____ Clerk _____ of said Court,

at office the _____ Monday in _____, A.D. 20_11_.

Issued this _25th_ day of _March_ 20_11_.

                                        _Bernie Morris_ Clerk

                                By: _____ Deputy Clerk

Received this _25th_ day of _March_ 20_11_

                                _____ Sheriff—Deputy Sheriff

## NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _28th_ day of _March_ 20_11_. I served this summons together with a copy of the complaint herein as follows: _Via U.S.P.S. Certified Mail, Return Receipt Requested Endorsement Required to Northland Ins. Co. c/o Sean Sullivan, Senior Clerical Specialist P.O. Box 64805, St. Paul, MN. 55164-0805._

                                _____ Deputy Sheriff

**EXHIBIT B**

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.



# D. MICHAEL KRESS II
## ATTORNEY AT LAW

Eight East Bockman Way
Sparta, Tennessee 38583
United States of America

Telephone No. 1.931.836.1010
Facsimile No. 1.931.836.1110
Email: mike@dmkresslaw.com

FILED

APR 15 2011

_____Time_____Initials
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

Thursday, April 14, 2011

Bernie Morris
Warren County Circuit Court Clerk
P.O. Box 639
McMinnville, TN 37111

RE:     *April Telena Miller and husband Roger Miller vs. Northland Insurance Co., and*
        *Refa Watley d/b/a Refa Watley Trucking, and Lewis Leo Watley*
        Circuit Court Warren Co. Case No.: 3842

Dear Clerk:

Please find enclosed one (1) original and one (1) copy of a <u>Sevice of Process Affidavit Relating to Northland Insurance Company</u>, Domestic Return Receipt (Exhibit A) and "Alias" Civil Summons (Exhibit B), concerning the above referenced matter. Please file the original and stamp the copy "Filed" and return the copy to my office in the enclosed pre-addressed, stamped envelope.

Thank you for your assistance.

Yours truly

D. Michael Kress II

DMKII:bks

**Enclosures**

IN THE CIRCUIT COURT FOR WARREN COUNTY, TENNESSEE
THIRTY-FIRST JUDICIAL DISTRICT
AT MCMINNVILLE

FILED

APR 15 2011

Time:_____Initials
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

APRIL MILLER,                    )
                                 )
        Plaintiff,               )
                                 )
VS.                              )        No. 3842
                                 )
NORTHLAND INS. COMPANY,          )
                                 )
        Defendant.               )

---

## ORDER SETTING CASE FOR TRIAL

---

At the April 12, 2011, docket call in McMinnville, Warren County, Tennessee, the above-styled case was set for trial on **September 29, 2011,** beginning at 9:00 a.m., to be heard at the **Warren County Courthouse, McMinnville, Tennessee.**

In the event a Rule 31 mediation or judicial settlement conference is requested for cases other than workmen's compensation, please contact the court to facilitate scheduling. **Counsel is ordered to send a copy of this order to any attorney of record not listed below and to any unrepresented party.**

Enter this the _15_ day of ~~January~~ April 2011.

JUDGE LARRY B. STANLEY, JR.

original to: Bernie Morris, Circuit Court Clerk
copies to:   D. Michael Kress