UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

APRIL TELENA MILLER *and* )
ROGER MILLER, )
  )
   *Plaintiffs/Counter-Defendants*, )
  ) Case No. 4:11-cv-26
v. )
  ) Judge Mattice
NORTHLAND INSURANCE COMPANY, )
INC., )
  )
   *Defendant/Counter-Plaintiff* )
  )
v. )
  )
REFA WATLEY *d/b/a* REFA WATLEY )
TRUCKING *and* LEWIS LEO WATLEY, )
  )
   *Defendants/Counter-Defendants*. )

## **MEMORANDUM AND ORDER**

Before the Court is the "Motion for Realignment of Parties" (Doc. 3) ("Mot. Realign") filed by Defendant Northland Insurance Company, Inc. ("Northland") on April 29, 2011 and Plaintiffs' Motion to Remand (Doc. 10) ("Mot. Remand"), filed June 8, 2011. United States Magistrate Judge William Carter filed his Report and Recommendation on the Motion for Realignment (Doc. 16) ("R&R") on November 1, 2011. Plaintiffs filed their Objections (Doc. 17) on November 15, 2011, and supplemented those objections (Doc. 20) pursuant to Eastern District of Tennessee Local Rule 7.1 on December 9, 2011. Northland filed its Response to Plaintiffs' Objections to the R&R (Doc. 21) on December 13, 2011. Plaintiffs filed a second supplemental brief (Doc. 23) on January 5, 2012, to which Northland filed its Response (Doc. 24) on January 17, 2012. Finally, Plaintiffs filed a Motion for Leave to File an Amended Complaint (Doc. 22) on January 5, 2012, to which Northland filed its

Response in Opposition (Doc. 25) on January 17, 2012.

For the reasons explained below, Plaintiffs' Response and Objection to Report and Recommendation (Doc. 17) will be **OVERRULED AS MOOT**; Magistrate Judge Carter's Report and Recommendation (Doc. 16) will be **ADOPTED IN PART AND REJECTED IN PART**; Defendant Northland's "Motion for Realignment of Parties" (Doc. 3) will be **DENIED**; Plaintiffs' Motion to Remand (Doc. 10) will be **GRANTED**; and this matter shall be **REMANDED** to the Circuit Court of Warren County, Tennessee.

## I. LEGAL STANDARD

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(B). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id*.

This case is somewhat unique, though, in that the motion under consideration is one affecting the subject-matter jurisdiction of the Court. Because "subject-matter jurisdiction . . . involves a court's power to hear a case, [it] can never be forfeited or waived," and this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citations and quotation marks omitted).

Finally, on a motion for realignment of the parties, "it is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation . . . [and] in accordance with the primary dispute in the controversy, even where a different,

legitimate dispute between the parties supports the original alignment." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (internal citations and quotation marks omitted) (citing *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     The Underlying Accident and Claim

As perhaps is appropriate in an action seeking a declaratory judgment, the facts of the underlying dispute do not need to be recounted at length.

On February 8, 2007, Northland issued a commercial auto liability insurance to Refa Watley – policy no. TN547120 – with limits of $1,000,000 subject to the terms, conditions, and exclusions incorporated into the policy and effective February 1, 2007 to February 1, 2008. (Compl. ¶ 7; Ans. ¶ 7; Ex. A to Compl., Policy # TN547120.) On or about December 4, 2007, Lewis L. Watley was driving a commercial motor vehicle – a 2000 Kenworth tractor, listed in the "Schedule of Automobiles" as VIN IXKAD69X3YR835968 – in Montgomery County, New York when a single vehicle auto accident occurred. (Compl. ¶ 11; Ans. ¶ 11.) Plaintiffs allege that Plaintiff April Miller was riding as a passenger in the vehicle when the accident occurred and was injured in the accident. Defendant further admits that she made a claim related to those injuries, which Northland denied on March 6, 2008. Plaintiffs seek a declaration that, among other things, adopts their view that April Miller was an independent contractor, not an employee.

### B.     Procedural History

On November 30, 2010, Plaintiffs Roger and April Miller filed the instant "Complaint

for Declaratory Judgment to Determine Rights and Liabilities Under Commercial Motor Carrier Liability Insurance Policy" (Doc. 1-1) in the Circuit Court of Warren County, Tennessee.

### 1. Northland's Motion to Realign (Doc. 3)

On April 29, 2011, Defendant Northland Insurance Company, Inc. ("Northland") filed the Notice of Removal (Doc. 1) in this Court, contemporaneously with a "Motion for Realignment of Parties" (Doc. 3) ("Mot. Realign"). In that Motion, Northland argues that "[d]iversity jurisdiction cannot be determined by the parties' own determination of who should be a plaintiff and who should be a defendant" and that "it is the duty of the Court to look beyond the pleadings and arrange the parties according to their interests in the primary issue in this action." (Mot. Realign 1.) Northland asserts that "[t]he Sixth Circuit follows the 'principal purpose test' in determining the proper alignment of parties," and that "[i]n the context of a declaratory judgment action regarding insurance coverage, purported insureds and insurers should be aligned as adverse parties." (*Id.*)

Northland then filed its Answer and Counterclaim (Doc. 5) on May 2, 2011. Refa Watley *d/b/a* Refa Watley Trucking and Lewis Leo Watley have not filed a response and have yet to appear in this action.

### 2. Plaintiffs' Response on the Motion to Realign (Doc. 9) and Motion to Remand (Doc. 10)

Plaintiffs filed their "Response Opposing Motion for Realignment" (Doc. 9) ("Realign Respon.") on June 8, 2011, on which day they also filed their own Motion to Remand (Doc. 10) ("Mot. Remand"). In their Response on the Motion to Realign, Plaintiffs put forth four arguments. First, that Northland should be deemed to be a citizen of Tennessee, a state

-4-

Case 4:11-cv-00026-HSM-WBC   Document 26   Filed 03/31/12   Page 4 of 14   PageID #: 396

in which the insured, Refa Watley, is a citizen– because, pursuant to 28 U.S.C. § 1332(c)(1), this case was a "direct action against the insurer of a policy or contract of liability insurance," and thus Northland "shall be deemed a citizen of every [State] of which the insured is a citizen, every [State] by which the insurer has been incorporated; and "the [State] where the insurer has its principal place of business."

Second, Plaintiffs argue that even if the insured, Refa Watley, is realigned, that would not affect the party defendant status of Lewis Leo Watley; as the latter is a citizen of Tennessee, the action would still be nondiverse. (Realign Respon. 2.)

Third, Plaintiffs argue, the "Tennessee Declaratory Judgment Act is Remedial and Procedural." (Realign Respon. 3.) While the substance of this argument is not clear, it seems as though they are arguing that, because declaratory judgment is a remedy, not a source of an independent claim, one cannot remove an action brought pursuant to the Tennessee Declaratory Judgment statute – Tenn. Code Ann. § 29-14-102 *et seq.* – to federal court.

Fourth, Plaintiffs argued that the "Principal Purpose Test" is not met in this case because they "have a pending case in New York against the very Watley Defendants which are named in the instant case as Defendants," and that "[t]here can be little logical doubt that the Plaintiffs in both cases cannot be properly aligned as co-Plaintiffs in the instant case while also pursuing an action against the Watley parties in the New York case." (Realign Respon. 3.) They also argue that they have "lodged a direct action in paragraph numbered '14' of the Complaint against the movant, claiming to constitute 'intended third party beneficiaries' under the terms of an insurance policy." (*Id.*) They conclude by arguing that "the primary purpose of this action is to determine whether the movant is directly liable

-5-

Case 4:11-cv-00026-HSM-WBC   Document 26   Filed 03/31/12   Page 5 of 14   PageID #: 397

to the Plaintiffs pursuant to the terms of the subject policy" and that "[t]he only reason that the Watley Defendants were named as parties in the instant Tennessee action is because the Tennessee Declaratory Judgment Act [at Tenn. Code Ann. § 29-14-107] requires that they be named given their status as potential stakeholders in the outcome." (*Id.* at 3-4.)

### 3. Northland's Reply on the Motion to Realign (Doc. 11) and Response to Plaintiffs' Motion to Remand (Doc. 12)

Defendant Northland filed its "Reply to Plaintiffs' Response to Motion for Realignment of Parties" (Doc. 11) ("Realign Reply") on June 10, 2011, along with its Response to Plaintiffs' Motion to Remand (Doc. 12). In its Reply Brief, Northland argues first that "this is not a 'direct action' against an insurer as contemplated by section 1332(c)(1)." (Realign Reply 1.) Second, it argued, "Defendant Lewis Watley is a purported insured under the Northland policy, and should be realigned as a party Plaintiff along with the named insured, Refa Watley Trucking." (*Id.* at 3.) Northland provides no support for its proposition that Lewis Watley "is a purported insured." Third, it responds to Plaintiffs' arguments about the subject matter jurisdiction over declaratory judgments brought pursuant to Tennessee's declaratory judgment statute by stating "[i]t is well settled law that a federal court sitting in diversity applies the substantive law of the forum state and federal procedural law to adjudicate the dispute." (*Id.* at 3-4.) Fourth, it replies that "[c]ontrary to the Plaintiffs [*sic*] assertion, the principal purpose in this action is not to determine whether Northland is directly liable to the Plaintiffs pursuant to the terms of the Northland policy."(*Id.* at 4.) Finally, it replies that – in response to Plaintiffs' argument that Tenn. Code Ann. § 29-14-107 requires the Watley Defendants to be named as parties "given their status as potential stakeholders in the outcome" – "[t]here is nothing in the referenced statute that

-6-

requires Refa Watley Trucking and Lewis Watley to be named only as defendants." (*Id.* at 5.) Northland's Response to Plaintiffs' Motion to Remand does not contain any arguments of substance.

### 4. Magistrate Judge Carter's Report and Recommendation (Doc. 16)

United States Magistrate Judge William Carter filed his Report and Recommendation on the Motion for Realignment (Doc. 16) ("R&R") on November 1, 2011. After briefly recounting (accurately) the facts applicable to this situation, Magistrate Judge Carter found that (1) "this declaratory judgment action is not a 'direct action' within the meaning of Section 1332(c)(1)"; (2) "realignment of the parties as requested by Northland would not destroy diversity jurisdiction"; and (3) "the primary dispute is whether Refa Watley's insurance policy with Northland covers April Miller's injuries in the event Lewis and Refa Watley are found liable in the New York state action." (R&R at 8, 10.)

On the second point, Magistrate Judge Carter makes two consequential observations. First, he bases this decision in part on his analysis of the orientation of this action – that is, his belief that "the Millers bring this action on the sole issue as to whether, if a judgment is rendered against the Watleys in the New York state action, April Miller will be covered under the Northland policy." (R&R at 8.)

Second, he drops a footnote after his conclusion that "realignment of the parties as requested by Northland would not destroy diversity jurisdiction" that states as follows:

> The Court understands that the insurance policy at issue is not a "no fault" policy which would not require a later adjudication of the issues of fault on the part of Lewis Watley and liability on the part of Refa Wately before Northland could be required to pay for April Miller's injuries under the proceeds of the policy. If this were such a "no fault" policy, then the outcome of this motion would be different. If Northland's policy with Refa

-7-

> Watley was a "no fault" policy, a finding that April Miller was covered under the policy would be tantamount to a direct action against Lewis and Refa Watley. *See Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 425 (6th Cir. 1982); *Bauer v. Wausau Business Ins. Cos.*, 2002 WL 31409863 *2 (S.D. Ohio Sept. 5, 2002) ("'The no fault insurer ...stands in the place of the tortfeasor in a manner strikingly similar to that originally envisioned by Congress in addressing the direct action problem ...'") (quoting *Redmon v. Sumitomo Marine Mgmt. (USA) Inc.*, 179 F. Supp2d 787 (N.D. Ohio 2001).

(R&R at 8, n.3.)

### 5. Objections to the R&R and the "No Fault" Issue

Plaintiffs filed their Objections (Doc. 17) ("Pl.'s Objs.") on November 15, 2011 and twice supplemented those objections pursuant to Eastern District of Tennessee Local Rule 7.1, first on December 9, 2011 (Doc. 20) ("Pl.'s 1st Suppl. Br.") and second on January 5, 2012 (Doc. 23) ("Pl.'s 2nd Suppl. Br."). On December 13, 2011, Northland filed its Response to Plaintiffs' Objections to the R&R (Doc. 21) ("Respon. to Objs."), and, on January 17, 2012, its response to Plaintiffs' Second Supplemental Objections (Doc. 24) ("Respon. to 2nd. Objs.").

Without going into lengthy and unnecessary – given the resolution of the pending motions herein – detail, Plaintiffs seized upon Magistrate Judge Carter's comment in footnote 3 that "the outcome of this motion would be different" if the policy at issue here "were [ ]a 'no fault' policy" to "raise an objection to the Report and Recommendation (Docket Entry No. 16) on the basis that the insurance policy at issue is to be properly deemed and construed as a 'no-fault' policy by federal, New York and Tennessee law." (Pl.'s Objs. 1.) Briefly, the basis of this objection is that, they assert, New York state, where the accident occurred, is a "no-fault" state, insofar as it relates to non-resident motorists

-8-

and passengers; requires such coverage of trucking companies operating in New York; and that the MCS-90 endorsement and the BMC-90 (BMC-91X) endorsements – which help effect the Federal Motor Carrier Saftey Regulations (FMCSR) as they relate to this interstate no-fault requirement – "requires reimbursement of insurer by insured for monies paid," which is part of the reason that the Watley Defendants' interests are not aligned with those of Plaintiffs.

Northland's essential response to Plaintiffs' objections is that this argument over "no-fault" is not a true objection, but rather an attempt to seize on unimportant language in the R&R to reargue the merits of the motion or to introduce into the proceedings a new argument.[1] They also argue that "no fault" is irrelevant to this action and that the FMCSR do not create a no-fault regime, although part of their basis for this argument is an assumption that April Miller is an employee, one of the very issues to be determined in the declaratory judgment action. (Respon. to Objs. 8, n.3.)

### 6. Other Post-R&R Motions

Plaintiffs filed a Motion for Leave to File an Amended Complaint (Doc. 22) on January 5, 2012, to which Northland filed its Response in Opposition (Doc. 25) on January 17, 2012.

These matters are now ripe for review.

---

[1] The Court would note that Northland's statement of the applicable standard of review is incorrect. Northland appears to believe that this was an Order on a simple pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A) to which Plaintiffs are objecting, but it is clearly a Report and Recommendation pursuant to 28 U.S.C. § 626 (b)(1)(B), as Magistrate Judge Carter noted in the R&R: "The undersigned has prepared this decision as a report and recommendation rather than as an order because the outcome of the motion will affect the jurisdiction of the Court making the motion dispositive in nature." (R&R at 1, n.1.)

-9-

Case 4:11-cv-00026-HSM-WBC   Document 26   Filed 03/31/12   Page 9 of 14   PageID #: 401

## III. ANALYSIS

The Court **WILL ADOPT** Magistrate Judge Carter's Report and Recommendation insofar as it finds that Northland is not a Tennessee citizen because this is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1), but the Court **WILL REJECT** the R&R to the extent that it fails to consider Plaintiffs' arguments that Defendant Lewis Watley's interests are separate from those of Defendant Refa Watley *d/b/a* Refa Watley Trucking.

As an initial matter, the Court would note that, while the R&R reached the correct conclusion that Northland does not share Refa Watley's citizenship because this is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1), the R&R also seems to have ignored that the full (relevant) text of the statute reads as follows: "except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, ***to which action the insured is not joined as a party-defendant***, such insurer shall be deemed a citizen of . . . ." 28 U.S.C. §1332(c)(1) (emphasis added). The insured – Refa Watley – *is* joined as a party-defendant here, thus the statute's provisions would seem not to apply on its face.

The R&R addresses only Northland's arguments about the applicability of Section 1332(c)(1) and the "Primary Purpose" test and does not address at all Plaintiffs' second and third arguments, about the separate interests of Defendant Lewis Watley and the potential subject matter jurisdiction issues with the Tennessee Declaratory Judgment Act.[2]

---

[2] Plaintiffs' Declaratory Judgment argument is not essential to the Court's holding, but the Court would note that this argument may have some merit, in that "[i]t is well-settled that the Declaratory Judgment Act cannot serve as an independent basis for federal subject matter jurisdiction." *Mich. So. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568 (6th Cir. 2002) (citing *Skelly Oil Co. v. Phillips*

Part of the problem with Northland's Motion for Realignment and the R&R on the same is that Northland makes several unsubstantiated statements that are challenged by Plaintiffs but unaddressed in the R&R. For instance, in its Motion for Realignment of Parties, Northland asserts that "Plaintiff Miller further asserts that the Northland Policy provides coverage for the alleged negligence of Refa Watley and Lewis Watley as 'insureds'. See Complaint, pp. 4-5." (Mot. Realign ¶ 4.) That is not true, however, nowhere on either pages four or five do Plaintiffs ever state that Lewis Watley is an "insured" under the terms of the policy. Likewise, while Northland attempts to cure this in its Reply by stating that "Defendant Lewis Watley is a purported insured under the Northland policy, and should be realigned as a Plaintiff party along with the named insured, Refa Watley Trucking," as previously noted, it provides absolutely no support for the proposition that Lewis Watley "is a purported insured." (Realign Reply at 3.) Further, the R&R fails to address this issue.

This is a crucial error. The entire premise of Northland's motion is that Refa Watley *d/b/a* Refa Watley Trucking – due to the behavior of her/its employee, Lewis Watley – could be liable for Plaintiffs' costs if the exclusion cited by Northland is found to be valid and applicable to Plaintiff April Miller. Lewis Watley's name does not appear in the Policy

---

*Petroleum Co.*, 339 U.S. 667, 671 (1950) as holding that "Congress enlarged the range of remedies available in federal courts but did not extend their jurisdiction"). But, it is the Court's view that it is likely that, just as one could respond to a Complaint before removing and assert a defense for failure to state a claim upon which relief can be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6) and have that defense preserved and converted into a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6), so too could a request for a declaration of rights pursuant to Tennessee's Declaratory Judgment Statute be converted to and analyzed pursuant to the federal Declaratory Judgment statute, 28 U.S.C. § 2201.

-11-

or any of the addenda, such as the endorsements, exclusions, etc.[3] Further, Northland did not supply the Court with any language from the policies indicating why the Court should assume that Lewis Watley is a "purported insured" under the Policy. Finally, it is certainly not clear to the Court that Lewis Watley's interests are so aligned with Plaintiffs' in this declaratory judgment action that, even without a finding that he enjoys insured status, he should be realigned. In fact, in many ways, it appears as though he would not necessarily share her interests.

The Complaint alleges that negligence on his part caused Plaintiffs' injuries, and the documents attached to the Complaint indicate that he suffered injuries as well. More importantly – and contrary to the finding in the R&R that "the primary dispute is whether Refa Watley's insurance policy with Northland covers April Miller's injuries in the event Lewis and Refa Watley are found liable in the New York state action" – the bulk of the declaratory judgment request involves the construction of the term "employee." Because Plaintiffs allege Ms. Miller's work status – allegedly as an independent contractor – renders her an employee (whose injuries are thereby not excluded) and Mr. Watley an employee (whose injuries are thereby excluded), it seems as though, as to much of the substance of the Complaint for Declaratory Judgment, Plaintiffs' interests in the construction of that term appear to be almost in complete opposition to the interests of Lewis Watley.

Because Lewis Watley's status as an "insured" is unclear, because the main thrust

---

[3] Though not highlighted by Northland, the Court does observe that there is a "Named Driver Exclusion" which provides that "This Insurance does not apply to damages, "accidents," or "losses" caused while a covered "auto" is being operated or used by LEWIS WATLEY whether or not you have given your express or Implied permission for this operation or use." (Doc. 5-3 at PageID# 194.) The Court also notes, though, that that language is followed by "You or your authorized representative have accepted this endorsement and Indicated your agreement by signing below," and that there is not any signature after that language. (*Id.*)

of the request for declaratory judgment puts Plaintiffs in direct opposition with Mr. Watley, and because the complaint appears to put Mr. Watley in at least some conflict financially with the Plaintiffs, the Court does not find it appropriate to realign him as a plaintiff.

Finally, due to the Court's ruling herein, it is unnecessary for the Court to reach the question of the applicability of the "no fault" provisions or the motion to amend. The latter is unrelated to the subject-matter-jurisdiction-determinative motions before this Court and can be resolved upon remand. As to the "no fault" arguments, while the Court will not reach their substance, it will note that Northland is entirely incorrect in accusing Plaintiffs of attempting to reargue their motion or raising a new issue. The footnote at issue clearly stated that the finding that the insurance at issue was no fault was outcome-determinative, but neither of the parties had raised the issue to date. Therefore Plaintiffs were not rearguing previous points, nor did they raise a new argument they should have made in their response; the "no fault" issue was brought into the discussion by the R&R, and they kept their briefs strictly limited to addressing those issues newly-raised in the R&R.

Accordingly, the Court **WILL ADOPT** the R&R insofar as it finds that Northland is not a Tennessee citizen because this is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) but **WILL REJECT** the R&R to the extent that it fails to consider the interests of Defendant Lewis Watley separately from those of the actual named insured, Refa Watley d/b/a Refa Watley Trucking. Further, Defendant Northland's Motion for Realignment is **DENIED** as to Mr. Lewis Watley.

As a final matter, the Court is aware that there is a pending "Counterclaim for Declaratory Judgment" (Doc. 5) filed by Northland on May 20, 2011. While none of the

-13-

parties have addressed this issue, Northland pled the jurisdiction of the counterclaim by asserting that "[o]nce Refa Watley and Lewis Watley are properly realigned as party plaintiffs per the contemporaneous Motion for Realignment filed by Northland, complete diversity of citizenship will exist between Northland and the adverse parties." (Counterclaim ¶ 6.) It thereby seems to have been relying on the Court's granting its Motion for Realignment to establish jurisdiction for its counterclaim; because the Court will deny that motion, the counterclaim's remand does not impede the remand of the entire action.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, Plaintiffs' Response and Objection to Report and Recommendation (Doc. 17) are hereby **OVERRULED AS MOOT**; Magistrate Judge Carter's Report and Recommendation (Doc. 16) is hereby **ADOPTED IN PART AND REJECTED IN PART**; Defendant Northland's "Motion for Realignment of Parties" (Doc. 3) is hereby **DENIED**; Plaintiffs' Motion to Remand (Doc. 10) is hereby **GRANTED**; and this matter is hereby **REMANDED** to the Circuit Court of Warren County, Tennessee. The Clerk is **DIRECTED** to mail a certified copy of this Order to the Clerk of the Circuit Court of Warren County, Tennessee. The Clerk is further **DIRECTED** to close the file in this case.

So **ORDERED** this 31st day of March, 2012.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE